19699.   JONES *v.* GRAHAM, executor.

DECIDED JUNE 11, 1929.

See case 19698, next before.

BLOODWORTH, J.   The petition as amended is as follows: "That John M. Graham is the executor of the last will and testament of R. A. Jones, deceased, and is a citizen and resident of said State and county, and this court has jurisdiction of the parties and the subject-matter of this suit.   (2)   That at the time of the death of the said R. A. Jones he was indebted to the petitioner in the sum of $2,000 upon a certain contract which was fully executed by the petitioner.   (3)   The terms and conditions upon which said contract was founded is herein set out as follows, to wit:   The peti-

tioner rented from the said R. A. Jones for the year 1925, a certain farm located and situated just south of Lindale, Floyd County, Georgia, upon which was situated two dwelling houses, and, as a part of said rental contract, was to have the use of two mules, and all farming tools on the place, used or to be used in the cultivation of said farm, and for the rent of said farm, mules, and tools, agreed to pay the sum of $600 for the year 1925; and the petitioner entered into the possession of said premises and began the preparation of the land for the planting and growing of the crops hereinafter specified. (4) That on or about the 1st day of May, 1925, the said R. A. Jones came to the petitioner and proposed and importuned the petitioner to surrender to the said R. A. Jones the rights that he had acquired under said contract of renting, and devote his, the petitioner's, time to the care and nursing of the said R. A. Jones, who at that time was very sick. Thereupon the petitioner entered into the contract sued on whereby the said petitioner surrendered to the said R. A. Jones the possession of said lands, mules, and tools, upon the promise of the said R. A. Jones to pay the petitioner for so surrendering said lands, mules, and tools and caring for and nursing the said R. A. Jones, when his services were required, a sum equal or more than the petitioner could or would realize from the cultivation of said lands. (5) Petitioner further shows that he prepared to plant 20 acres in cotton, which would, under ordinary farming conditions, have produced 15 bales of cotton of the value of $1500, and 450 bushels of cottonseed of the market value of $225; 10 acres of corn which would have produced 200 bushels of corn, under ordinary conditions, of the value of $250 and 1,000 bundles of fodder of the value of $30; 2 acres of sweet potatoes, which would have produced 100 bushels of sweet potatoes of the value of $300; 5 acres in peas, which would have produced 50 bushels of peas of the value of $200; and 1 acre in watermelons, beans, and other vegetables, of the value of $150. (6) That the cost of making the above-described crops would have been $1,068.75, itemized as follows: rent $600; 2 tons of fertilizer, $100; ginning of cotton, $60; labor in making and gathering, $240.00; cotton picking, $168.75; making a total expense of $1,-068.75. (7) That petitioner would have received for rent of the two tenant houses on said farm the sum of $30 per month, or a total of $240 for 8 months. (8) That the crops intended to have

been raised on said farm were the usual and ordinary crops raised on said land, and that the year 1925 was a good year to make crops, and the prices paid from said crops were good, and that the petitioner could and would have easily made from the crops above mentioned and the rent of the two dwelling houses the sum of $2000 over and above all expenses for the year 1925." A demurrer to the petition, on both general and special grounds, was filed. The court sustained the demurrer and dismissed the petition.

The foregoing petition shows that the plaintiff in error rented from R. A. Jones a certain farm for the year 1925; that about the 1st of May the said Jones proposed to him to cancel said contract of rental, to which he agreed, and that he and Jones then entered into an agreement under which he surrendered possession of said farm, the mules, etc., and agreed to care for and nurse said Jones, who was sick, when his services were required, and was to be paid for surrendering the farm and waiting on said Jones a sum equal to or more than he "could or would realize from the cultivation of said land." This contract is indefinite both as to the services to be rendered by. the plaintiff and as to the compensation he was to receive. "The rule as to certainty is that the agreement must be so certain and complete that each party may have an action upon it." The court properly sustained the demurrer to the petition and dismissed it. See *Bentley* v. *Smith, 3 Ga. App.* 242 (59 S. E. 720) ; *Grizzle* v. *Gaddis, 75 Ga.* 350 (2) ; *Harl* v. *Georgia Railroad Co.,* 101 *Ga.* 188 (28 S. E. 637) ; *Coweta Falls Mfg. Co.* v. *Rogers, 19 Ga.* 417 (5) (65 Am. D. 602) ; *Red* v. *Augusta,* 25 *Ga.* 386 (2), 390; *Prior* v. *Hilton & Dodge Lumber Co.,* 141 *Ga.* 117 (80 S. E. 559) ; *Graham* v. *Jones, 39 Ga. App.* 610 (147 S. E. 902), and cit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*