## WEHUNT *v.* PRITCHETT.

No. 17577. Submitted September 12, 1951—Decided October 10, 1951.

*Phillips, Johnson & Williams,* for plaintiff in error.

· *Smith, Kilpatrick, Cody, Rogers & McClatchey* and *Sidney Haskins,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The written contract sought to be specifically performed in count one contained the clause: "This contract is conditioned upon the final consummation of the sale of property known as 605 Spencer Street, East Point, Georgia, as per contract secured by Tucker Realty Co." While it is alleged that the petitioner was the owner of the Spencer Street property, and that the provision regarding its sale was put into the contract for his benefit alone, nevertheless, the obligations in the sales contract were not mutually binding in that, although the defendant agreed to sell the realty to the petitioner, the latter's promise to buy was expressly conditioned upon the final consummation of the sale of his Spencer Street property.

"The test of mutuality is to be applied as of the time the contract is to be enforced; and if the promisee accomplish the object contemplated, then the promise is rendered valid and binding. 'A promise may be nudum pactum when made because the promisee is not bound, but it becomes binding when he subsequently furnishes the consideration contemplated by doing what he was expected to do.'" *Hall* v. *Wingate,* 159 *Ga.* 630 (1c), (126 S. E. 796); *Hollingsworth* v. *Peoples Bank of Carrollton,* 179 *Ga.* 704 (3), (177 S. E. 743). However, the present petitioner was not bound to buy until he sold his Spencer Street property. As long as he was not bound to buy, the defendant was not bound to sell. No valid and enforceable contract could arise between the parties until the performance of the condition by the petitioner. The contract in question shows on its face that it is lacking in mutuality, and that such lack of mutuality can be cured only by a meeting of the condition therein expressed. Accordingly, the petition in failing to allege a meeting of the condition, fails to set forth a cause of action for specific performance.

The instant case is distinguished by its facts from *Redmond* v. *Sinclair Refining Co.,* 204 *Ga.* 699 (7) (51 S. E. 2d, 409), and *Crawford* v. *Baker,* 207 *Ga.* 56 (1), (60 S. E. 2d, 146), where the options involved were based on valid or valuable considerations flowing to the promisors.

Furthermore, "specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct, and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." *Shropshire* v. *Rainey*, 150 *Ga.* 566 (2), (104 S. E. 414). Applying the above-stated principles of law to the pleadings of the present case, where the petitioner sought specific performance and alleged that the purchase price had been tendered, but the petition failed to show the value of the house and lot so as to enable the court to determine that the contract was fair, just, and not against good conscience, no right to the relief sought was set forth. *Coleman* v. *Woodland Hills Co.*, 196 *Ga.* 626 (2), (27 S. E. 2d, 226); *Ogletree* v. *Ingram & LeGrand Lumber Co.*, 207 *Ga.* 333 (3), (61 S. E. 2d, 480).

Accordingly, the trial court erred in overruling the defendant's general demurrer, and further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*