18523. F & C INVESTMENT COMPANY *v.* JONES *et al.*

ARGUED MARCH 9, 1954—DECIDED APRIL 14, 1954—REHEARING DENIED MAY 13, 1954.

*Johnson, Hatcher & Meyerson, Henry M. Hatcher, Jr.,* for plaintiff in error.

*James A. Mackay, Samuel G. Dettelbach,* contra.

ALMAND, Justice. F & C Investment Company filed its equitable petition in Fulton Superior Court against William Amos Jones and Frank L. Berry, to require the defendants to specifically perform an alleged contract for the purchase of a described tract of real estate. A copy of the alleged sales contract, dated January 13, 1953, was attached to the petition, wherein the defendants agreed to purchase from the plaintiff, and the plaintiff agreed to sell to the defendants, certain described improved property known as 702 Whitehall Street, N. W., in the City of Atlanta, Fulton County, Georgia, the purchase price being recited

as $10 at the time of closing and a conveyance to the plaintiff of a described tract of land in DeKalb County. The contract of sale contained this provision: "This contract is contingent upon purchasers [the defendants] of Whitehall Street property to procure a first mortgage loan, secured by same, of $25,000.00, interest not to exceed 5%, payable monthly over a period of 12 years. (For the purpose of this sale the values of the within described properties are declared to be: $45,000 . . . for the Whitehall property, and $20,000 . . . for the Peachtree Road-Industrial Blvd. land.)"

It was alleged that, on January 20, 1953, the defendants notified the plaintiff that they did not intend to perform their contract; that the plaintiff had tendered to the defendant Jones on March 2, 1953, and to the defendant Berry on March 9, 1953, a deed to the plaintiff's property described in the contract, which tenders were refused; that the difference in the reasonable market values of the properties of the plaintiff and the defendants was $25,000; and that the plaintiff was ready, willing, and able to perform this contract, and offered to give the defendants a good and marketable title to its property. The defendants filed separate general and special demurrers to the petition. Subsequently, the plaintiff amended its petition by alleging that the contingent provision of the contract was written into it by the defendants; that on January 23, 1953, the defendants were notified by letter that two named parties were willing to make a loan on the property on the terms specified in the contract; and that the loan provision of the contract has not been complied with by the defendants solely because they have failed and refused to make application for the loan. The defendants separately renewed their demurrers, and on January 12, 1954, the court sustained certain grounds of the general demurrers and dismissed the petition as to both defendants. The bill of exceptions assigns error on these orders.

In Restatement of the Law of Contracts, Vol. 2, p. 683, § 373, it is stated: "Specific enforcement may properly be refused if a substantial part of the agreed exchange for the performance to be compelled is as yet unperformed and its concurrent or future performance is not well secured to the satisfaction of the court." If, in a contract for the sale of real estate, the initial

payment of the purchase money is contingent upon an event which may or may not happen, at the pleasure of the buyer, the contract lacks mutuality. This deficiency as to mutuality is not remedied by a subsequent offer by the seller to perform an act which he was not bound in the contract to perform. Zaring v. Lavatta, 36 Idaho 459 (211 Pac. 557). In *Wehunt* v. *Pritchett*, 208 *Ga.* 441 (67 S. E. 2d 233), Pritchett sought to enforce a written contract, whereby he sought to purchase and Wehunt agreed to sell certain real estate at a stipulated price. The contract contained the following provision: "This contract is conditioned upon the final consummation of the sale of property known as 605 Spencer Street, East Point, Georgia," by Pritchett. This court held that the general demurrer of Wehunt was erroneously overruled, because the contract lacked mutuality, in that Pritchett was not bound to buy the property until he had sold the Spencer Street property, and no valid and enforceable contract arose between the parties until the performance of the condition by the buyer; and since the petition failed to allege the occurrence of the condition, it failed to set forth a cause of action for specific performance.

The alleged contract in the instant case plainly shows that the obligation of the defendants to purchase the Whitehall Street property was contingent upon their procuring a first mortgage loan on this property. Until this contingency occurred, there was no obligation on the part of the defendants to purchase this property. The fact that they were able to secure the loan, or that third parties were willing to make the loan, does not relieve the contract of the deficiency as to mutuality, for the reason that performance of the contingency rests solely upon the act of the defendants in procuring the loan, and not upon their ability to procure the loan or the willingness of another, not a party to the contract, to make this loan. The ruling in the *Wehunt* case, supra, is controlling here, and the court did not err in sustaining the defendants' general demurrers, because the petition, which expressly shows that the mortgage loan had not been obtained, was subject to the objection that there was no binding contract between the parties at the time the action was brought, and therefore the petition failed to state a cause of action.

*Judgment affirmed. All the Justices concur.*