## 36019. MARKAN DEVELOPMENT COMPANY *v.* ROLYAT, INC.

DECIDED FEBRUARY 20, 1956—REHEARING DENIED MARCH 15, 1956.

*Moise, Post & Gardner, Hugh E. Wright,* for plaintiff in error.
*Carl T. Hudgins, Walter E. Baker, Jr.,* contra.

NICHOLS, J. 1. The petition as finally amended together with the exhibits annexed thereto show that a tentative lease agreement was presented to the defendant for approval, that the defendant returned this tentative lease to the plaintiff on January 10, 1955, with a letter stating that the lease would have to be changed in certain respects, that one of the changes required the plaintiff to *notify* the defendant on or before January 31, 1955, that it had secured adequate financing and was going ahead with the lease agreement (one provision of the lease provided that the lessee should obtain financing which was in its opinion adequate to finance the construction of certain improvements contemplated by the lease otherwise the lease would not be binding), that thereafter the plaintiff executed a lease agreement alleged to be in accordance with the original tentative lease returned to the plaintiff with the changes designated by the defendant made, that the plaintiff after executing such "amended" lease presented it to the defendant who thereafter on January 25, 1955, returned such lease to the plaintiff unsigned with a letter stating that it would not complete the transaction, that thereafer the plaintiff through its attorney, informed the defendant that it considered the action taken by the defendant as a breach of the contract, and it would not go to the additional expense of doing things which were then rendered useless, "such as giving Rolyat, Inc., the notice with relation to financing."

Assuming but not deciding that there was an acceptance of the offer to lease, such offer and acceptance provided that before the plaintiff would be bound that it (the plaintiff) must secure financing, which in its opinion was adequate to make certain improvements to the property covered by the lease. Although the plaintiff alleges that it had secured this financing (before the defendant notified it that it was withdrawing whatever offer it

had made), and argues that it was not required under the contract to notify the defendant that it had acquired this financing, the exhibits quoted from above contradict these allegations and show that the plaintiff was required to give this notice and further that the notice was not given to the defendant prior to the time when the defendant withdrew whatever offer it had made to the plaintiff. Accordingly, there was a future contingency which had to occur before the plaintiff (or the defendant) could be bound by the lease, to wit: The plaintiff must have secured adequate financing *and have notified* the defendant that this financing had been obtained.

Until this future contingency took place either the lessee or the lessor could withdraw from the contract without being liable for a breach of the contract. See in this connection, *Wehunt* v. *Pritchett,* 208 *Ga.* 441 (67 S. E. 2d 233); *F. & C. Investment Co.* v. *Jones,* 210 *Ga.* 635 (81 S. E. 2d 828); and *Teague* v. *Adair Realty & Loan Co.,* 92 *Ga. App.* 463, 467 (88 S. E. 2d 795). Therefore, since the alleged contract, according to the pleadings, was based upon a future contingency which had not been complied with, it lacked mutuality, and therefore was not a binding contract upon either party at the time the defendant withdrew the offer alleged to have been made by it.

Furthermore, the allegations of the petition that the plaintiff by spending certain money obtained an option until January 31, 1955, are without merit since the petition shows that this money was spent by the plaintiff to aid it in arriving at a decision as to whether or not in its opinion it could obtain adequate financing to finance the construction of certain improvements contemplated in the alleged lease agreement, and was not spent in pursuance of the alleged lease.

Therefore, the trial court did not err in sustaining the general demurrer to the petition and dismissing the action.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*