40135. SHELDON SIMMS COMPANY, INC. et al.
v. WILDER.

DECIDED MAY 23, 1963—REHEARING DENIED JUNE 13, 1963.

*Lewis R. Slaton,* for plaintiffs in error.
*Charles H. Bruce,* contra.

NICHOLS, Presiding Judge. The question presented by the defendants' general demurrer is: Is a sales contract covering real estate, and on which earnest money has been paid by the purchaser, which provides "the purchase price of said property shall be . . . to be paid as follows: This contract is contingent upon the purchaser's ability to obtain a loan on said property of $24,000 with maximum interest of 6 1/4 percent per annum, for a maximum period of twenty years," a valid and binding contract that requires purchaser to seek in good faith to obtain such loan or is it such an undertaking that would not be enforceable until the purchaser did in fact obtain such a loan and from which either party could withdraw prior to such contingency taking place?

In numerous cases decided by the Supreme Court and this court it has been held that where a real estate sales contract provides that it is subject to the buyer obtaining a loan, it is unilateral until such loan is obtained and that prior to such loan being obtained either party may withdraw from the purported contract, and that the "buyer" is not obligated to attempt to procure such loan. See *F & C Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828); *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233); and *Teague v. Adair Realty &c. Co.,* 92 Ga. App. 463, 467 (88 SE2d 795). The alleged contract in the present case is worded somewhat differently from those in the above cited cases in that here the contract is contingent upon the purchaser's ability to obtain a loan on the property. In the *F. & C. Investment Co.,* case, p. 637, supra, Justice Almand, speaking for the Supreme Court said: "The fact that they were able to secure the loan, or that third parties were willing to make the loan, does not relieve the contract of the deficiency as to mutuality, for the reason that performance of the contingency rests solely upon the act of the defendants in procuring the loan, and not upon their ability to procure the loan or the willingness of another, not a party to the contract, to make this loan." From such language it is apparent that the Supreme Court considered contracts which placed the contingency, in spite of the purchaser's ability, in his sole discretion different from those where the contingency is based on the purchaser's ability to obtain a loan or on the willingness of third parties to make such loan. In such cases it is incumbent upon the purchaser seeking a refund of the "earnest money" to show that he was unable to procure such loan after a diligent effort. In *Murphy v. Morse,* 96 Ga. App. 513, 515 (100 SE2d 623), the purchaser alleged that the contract was subject to his obtaining a Veterans' Administration loan, that he was unable to obtain such loan, and that the contract was therefore unenforceable. Had count 2 of the plaintiff's redrafted petition alleged that the plaintiff was unable to obtain the loan the count would not have been subject to general demurrer; however in the absence of such allegation the trial court erred in overruling the general demurrer attacking such count.

Nor was the contract void, as contended by the plaintiff be-

cause the terms of the loan to be procured were not definite. See *Cole v. Cutler,* 96 Ga. App. 891 (102 SE2d 82) ; and *Teague v. Adair Realty &c. Co.,* 92 Ga. App. 463, supra. The trial court erred in overruling the defendants' general demurrer to the count of the petition originally denominated as count 3 and in the redrafted petition as count 2. The further proceedings were nugatory.

*Judgment reversed. Frankum and Jordan, JJ., concur.*