## 43257. STOVALL REALTY & INSURANCE, INC. v. GOFF.

HALL, Judge. The plaintiff appeals from a judgment of the trial court sustaining a general demurrer and dismissing his petition seeking to recover broker's commission provided by a real estate sale contract.

The alleged contract executed by purchaser and seller provided that the purchase price of the property should be $29,500, cash at closing, and further: "This contract is subject to buyer securing a VA approved loan in the amount of $29,500 to be repaid over a period of 30 years in the amount of $176.88 per month excluding taxes and insurance." The plaintiff alleged that after the contract was executed the defendant buyer applied for the loan from a named lender, a certificate of commitment was issued by the Veterans Administration, and the lender approved a loan for the defendant in the amount and on the terms stated in the contract for the

purchase of the property. The plaintiff alleged that the seller was ready, willing and able to consummate the sale but the buyer refused to do so.

The question presented has been decided by previous decisions. The fact that the purchasers "were able to secure the loan, or that third parties were willing to make the loan, does not relieve the contract of the deficiency as to mutuality, for the reason that performance of the contingency rests solely upon the act of the defendants in procuring the loan, and not upon their ability to procure the loan or the willingness of another, not a party to the contract, to make this loan." *F & C Investment Co. v. Jones,* 210 Ga. 635, 637 (81 SE2d 828); *Brown v. White,* 73 Ga. App. 524, 528 (37 SE2d 213). This petition does not show that the buyer had secured the loan so as to make the contract mutually binding at the time it was sought to be enforced, and the contract was not contingent upon the purchaser's ability to obtain a loan. The cases of *Spindel v. National Homes Corp.,* 110 Ga. App. 12, 15 (137 SE2d 724); and *Sheldon Simms Co. v. Wilder,* 108 Ga. App. 4, 5 (131 SE2d 854), therefore are not applicable.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 4, 1968—DECIDED JANUARY 15, 1968.

*Archer, Patrick & Sidener, Howell W. Ragsdale, Jr., James H. Archer, Jr.,* for appellant.

*William T. Beard,* for appellee.