46314.   CLOVER REALTY COMPANY v. McLEOD.

DEEN, Judge. By stipulation the only question in this action by a broker against the prospective purchaser of real estate for commissions is whether the contract providing for such fee is sufficiently definite to be mutually enforceable. "If, in a contract for the sale of real estate, the initial payment of the pur-

chase money is contingent upon an event which may or may not happen, at the pleasure of the buyer, the contract lacks mutuality." *F & C Investment Co. v. Jones,* 210 Ga. 635, 636 (81 SE2d 828). Thus, a contract of sale to the effect that the purchaser is "to secure F. H. A. loan in amount of" a stated sum and that the sale could not be closed until after notification by the mortgage company was held to lack mutuality. *St. Paul Fire &c. Ins. Co. v. Mose Gordon Constr. Co.,* 121 Ga. App. 33 (172 SE2d 459). On the other hand, the fact that the contract is contingent upon the purchaser's ability to obtain a loan on the property is not void, the distinction being drawn between contracts which place the contingency in the discretion of one of the contracting parties and those where the contingency is based on the purchaser's ability to obtain a loan. *Sheldon Simms Co. v. Wilder,* 108 Ga. App. 4 (131 SE2d 854); *Stovall Realty & Ins., Inc. v. Goff,* 117 Ga. App. 94 (159 SE2d 467). A sale contract may be drawn contingent upon the availability to the purchaser of a mortgage loan, provided the subject matter, terms, interest and time are set out with sufficient specificity. While not enforceable until the condition is met, the contract is not for that reason void on its face, and the question of availability of the loan (which determines the purchaser's ability to obtain it) becomes one of proof on the trial of the case.

The remaining special stipulations in the sale contract, which include exchange of dining room fixtures, installation of a double oven and venting of a clothes dryer, are not so vague and indefinite as to void the entire contract.

The trial court erred in granting summary judgment to the defendant who signed as purchaser on a tripartite real estate sale contract and thereafter allegedly refused to purchase on the ground that the contract was too indefinite to constitute an enforceable agreement.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*
ARGUED JUNE 1, 1971—DECIDED JULY 2, 1971.

*Joe H. Bynum, Jr.,* for appellant.
*Dennis J. Mock,* for appellee.