47843. TIPTON et al. v. HARDEN et al.

EVANS, Judge. On or about April 8, 1971, the plaintiffs, Mr. and Mrs. James Tipton, executed a sales contract for the purchase of certain real estate in Waynesboro, Burke County, Georgia, from Robert E. Neely, Jr. and Marion Walker. Ann B. Harden acted as realty agent in the transaction. The purchasers deposited $5,000 with the sellers as earnest money. The contract named $50,000 as the purchase price and was contingent on the purchasers being able to secure a loan of $35,000 from First Federal Savings & Loan Association of Augusta, Ga. The sale did not take place, and Mr. and Mrs. Tipton sued Neely, Walker and Harden for the

$5,000 which had been deposited as earnest money.

Plaintiffs contended the contract was so vague, indefinite, uncertain and lacking in mutuality as to be completely void and unenforceable. Defendants answered, admitting execution of the contract, and contended same was valid and enforceable, and alleged that plaintiffs could have obtained the $35,000 loan. Defendants also alleged that they had removed their belongings from the premises in order to make it available for occupancy by the plaintiffs, and further, that defendants had expended $400 in order to secure the commitment of a loan of $35,000 for the purchasers which involved payment for a "termite certificate" showing the building was not infested with termites, all of which was required by the said First Federal Savings & Loan Association of Augusta. Defendants contended that plaintiffs were estopped to deny and renege as to the contract, because they had sat by, knowing defendants were removing their belongings from the property, and were expending $400 for a termite certificate to insure the loan commitment and said notice. Defendants filed a counterclaim alleging that they were entitled to recover damages in the amount of $8,400 because of the expenditures and inconvenience they had suffered, including taking the house off the market.

On summary judgment the Tiptons offered evidence that they could not obtain a "reasonable loan" from the First Federal Savings & Loan Association. In opposition thereto, defendants offered evidence that a loan had been approved by the loan association. But this committment was later rescinded when a revised financial statement was submitted by plaintiffs, in which plaintiffs contended they had previously given incorrect information to the loan association. Mrs. Harden also swore by affidavit that Mrs. Tipton had advised that she wanted "termite clearance," which

the sellers authorized, and the termite inspection and treatment was then secured at a cost of $400 to the sellers. *Held:*

1. As to plaintiffs' contention that the contract was not fulfilled because they could not obtain the loan of $35,000 contemplated by said contract, the burden was on them to show that they were unable to procure same after diligent effort. *Barto v. Hicks,* 124 Ga. App. 472, 475 (184 SE2d 188); *Sheldon Simms Co. v. Wilder,* 108 Ga. App. 4, 5 (131 SE2d 854). Instead of showing plaintiffs' diligent effort to procure the loan, the evidence shows that plaintiffs went back to the loan association and gave a new version of their financial stability, completely withdrawing their earlier financial statement. Either the first version or second version was false.

2. Defendants' counterclaim was for an amount in excess of the amount demanded by plaintiffs in their petition. This is ample reason for denying plaintiffs' motion for summary judgment. *Rubel Baking Co. v. Levitt,* 118 Ga. App. 306 (163 SE2d 437).

3. Plaintiffs had no right to rescind the contract without the consent of defendants, unless defendants had failed to comply with their obligations under the contract, and could be restored to their former position. Code § 20-907. Here the plaintiffs made no tender under the contract, nor did they contend that defendants had not complied with the contract. The well-known rule of estoppel operates against plaintiffs under these circumstances and prevents their attempted rescission of the contract. Code § 38-114.

4. In motions for summary judgment, the evidence must be construed most favorably toward the party opposing the grant of same; and most unfavorably toward the party applying for the motion for summary judgment. All inferences and conclusions which arise from the evidence must be likewise construed. See *Gray v.*

*American Bank of Atlanta,* 122 Ga. App. 442, 443 (1) (177 SE2d 207); *Candler General Hospital v. Purvis,* 123 Ga. App. 334 (1) (181 SE2d 77).

5. Under these rules of construction, the learned trial judge in this case could very well have concluded that the plaintiffs changed their minds about the fulfillment of the contract after executing same; that they gave a second financial statement to the loan association to insure that they would not receive the $35,000 loan contemplated by the contract, when otherwise they would have received same; that they allowed defendants to expend $400 for a termite certificate; allowed them to remove their belongings from the house to make it ready for occupancy by plaintiffs, and allowed them to take the house off the market, without doing anything to put defendants on notice that they had changed their minds about the contract, and did not intend to go through with it. The trial judge was thus fully authorized to deny plaintiffs' motion for summary judgment.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED JANUARY 8, 1973 — DECIDED FEBRUARY 12, 1973 — REHEARING DENIED MARCH 15, 1973 — 

*D. Landrum Harrison,* for appellants.
*R. U. Harden,* for appellees.