## 51246. DOZIER v. MATTHEWS.

Evans, Judge.

John W. Dozier, Jr., contracted to purchase real property from Joseph C. Matthews for $58,500. One of the conditions of the contract was that Matthews, among other requirements, install central air conditioning, an ice maker refrigerator, washer and dryer, and to vent the dryer to the outside. The agreement was also specifically dependent in paragraph 10 on the "ability [of Dozier] to assume loan in the approximate amount of $19,000.00 with monthly payments in the amount of $141.25, including interest of 5 1/2% per annum."

No effort was made by Dozier to assume the loan or to complete the transaction, and he refused to complete it.

Matthews sued Dozier for damages arising out of the breach of the transaction by Dozier, contending he had performed all conditions precedent as required by the agreement.

Dozier admitted the execution of the contract, but answered the complaint by alleging several defenses, one of which was that the complaint failed to state a claim, and, in general, due to the failure of the contingency as to the assumption of the loan which he contended was too indefinite and vague to be enforceable as a matter of law.

After discovery, both parties moved for summary judgment. The court, after a hearing, granted plaintiff a partial summary judgment, holding defendant was bound by the contract, and holding paragraph 10 was clear and unambiguous, leaving the issue of damages to be heard by a jury. Defendant appeals. *Held:*

1. The contract did not specify in express terms that a loan was outstanding on the property, but the obvious meaning of the language in paragraph 10 is that if defendant Dozier could not assume a 5 1/2% per annum loan of $19,000, repayable in the amount of $141.25 per month, he was not bound to complete the transaction unless he elected to otherwise proceed.

It is doubtful that a court of equity would decree specific performance of this contract, as the language in paragraph 10 does not state which loan is being referred to. See *Trust Co. of Ga. v. Neal,* 161 Ga. 965 (1) (132 SE 385); *Muller v. Cooper,* 165 Ga. 439 (141 SE 300); *Hamilton v. Daniel,* 213 Ga. 650 (1) (100 SE2d 730); *Saye v. Adams Loan &c. Co.,* 173 Ga. 24, 27 (159 SE 575). But we are not here concerned with specific performance. This is a suit for damages where there has been part performance by one party at the request of the other in which the one partially performing has been damaged. Defendant did not seek to rescind the contract, nor did he offer to restore the opposite party to the condition in which he was before the contract was made. Code § 20-907. The case is similar to that of *Tipton v. Harden,* 128 Ga. App. 517 (197 SE2d 746). The contract is not absolutely void whether or not specific performance might be decreed in equity.

2. Defendant did not make a diligent effort to assume an existing loan on the property, although an existing loan was not shown to be in the amount of $19,000, at 5 1/2% per annum and repayable at $141.25 per month. See *Tipton v. Harden,* 128 Ga. App. 517, supra. Defendant tries to show he intended this paragraph to mean something entirely different, but it is clear that the above is the only meaning that can be placed on paragraph 10. Nor was it solely left to the discretion of Dozier to get a loan or not. The contract required action by Dozier to attempt to assume a loan.

3. The court did not err in construing the contract

so as to require defendant Dozier to attempt to obtain the loan assumption, and in holding he was bound by the contract. See *Sheldon Simms Co. v. Wilder,* 108 Ga. App. 4, 5 (131 SE2d 854).

4. The court did not err in denying defendant's motion for summary judgment. See *Barto v. Hicks,* 124 Ga. App. 472, 475 (3) (184 SE2d 188); *Sheldon Simms Co. v. Wilder,* 108 Ga. App. 4, 5, supra; *Tipton v. Harden,* 128 Ga. App. 517, supra.

5. Not only does the case remain for jury determination as to damages, but also the issue as to whether or not there existed a loan in the amount of $19,000, bearing interest at 5 1/2% per annum, repayable monthly at $141.25, which could be assumed by defendant, remains for jury trial. The evidence establishes only that plaintiff had an outstanding loan with Citizens & Southern National Bank.

*Judgment reversed in part and affirmed in part. Deen, P. J., concurs. Stolz, J., concurs in the judgment only.*

ARGUED SEPTEMBER 29, 1975 — DECIDED OCTOBER 29, 1975.

*Gerstein, Carter & Chesnut, Michael J. King,* for appellant.
*Ross & Finch, A. Russell Blank,* for appellee.