## 33795. GRIFFITH v. FEDERAL DEPOSIT INSURANCE CORPORATION.

MARSHALL, Justice.

The plaintiff, Doyle G. Griffith, as purchaser, and the defendant, Federal Deposit Insurance Corporation (FDIC), as seller, entered into a contract on November 16, 1976, for the sale of a home in Mainstreet Subdivision, which is located in Stone Mountain, Georgia.

The contract was contingent upon the purchaser's obtaining a VA loan, as well as approval by the FDIC in Washington. Other contingencies were found in special stipulations to the contract. Special stipulation 12 provided that, "This contract is contingent upon the closing of sale of purchaser's present home at 2977 Pasadena Drive, Decatur, Georgia, 30032." Special Stipulation 1 provided that, "sale shall be closed within 10 working days of closing of sale of purchaser's present home at 2977 Pasadena Dr., Decatur, Ga." Special stipulation 15 provided that, "In the event a bona fide noncontingent contract is presented on this property, seller may at his option provide a written notice to purchaser and purchaser shall have 72 hours after receipt of notice to remove stipulation No. 12; and in the event purchaser fails to remove stipulation No. 12 seller shall be free to accept another contract."

On February 1, 1977, Griffith's real estate agent was advised by FDIC that FDIC had obtained an acceptable contract for sale of the house from another party and that notice as required by Stipulation 15 was being given. A letter dated February 2, 1977, was received by the Griffiths on February 3, 1977, stating that the property would be sold at 5 p.m., February 4, 1977, "unless your contingency has been satisfied." On February 4, 1977, Griffith presented FDIC with a letter notifying FDIC of his intention to delete Stipulation 12 from the contract. Enclosed was a copy of the contract in which Griffith had deleted Stipulation 12. He also deleted that portion of

Stipulation 1 providing that the sale would be closed within 10 working days of the closing of the sale of his present home. In its place, he wrote that the sale would be closed "on or before June 22, 1977." Both deletions and the interlineation were initialed and dated by Griffith. This proposal was rejected by FDIC. However, FDIC offered Griffith the property if he could close by February 23, 1977, but Griffith rejected this proposal.

On February 6, 1977, Griffith informed FDIC that he had contracted to sell his present home. However, FDIC responded that it had already accepted the other contract to purchase the property. Griffith filed this suit on February 14, 1977, for specific performance of the contract. The trial court granted FDIC's motion for directed verdict on the ground that the contract was too vague and indefinite to be specifically enforced. Griffith appeals. *Held:*

We have determined that the trial court did not err in directing a verdict in favor of FDIC, although we rest our decision on a different ground than that of the trial court.

The trial court ruled that the real estate sale contract in this case was too vague and indefinite to be specifically enforced, primarily because the stipulation in this contract making it contingent upon the purchaser's selling his present home contains no time limitation. For two reasons we are unable to agree with this reason given by the trial court for its ruling. In the first place, the test as to whether a contract contains the requisite certainty and definiteness to be specifically enforced, just as the test as to the mutuality of the contract, is to be made at the time the contract is sought to be enforced. See *Moore v. Buiso,* 235 Ga. 730 (221 SE2d 414) (1975). At the time Griffith brought suit to specifically enforce this contract, any uncertainty as to the time within which his present home had to be sold was cured by Griffith's attempt to delete from the contract the stipulation containing that contingency, as provided for in another stipulation to the contract. Cf. *Blanton v. Williams,* 209 Ga. 16 (70 SE2d 461) (1952). Furthermore, a contract is not invalidated for failure to specify a time within which it is to be performed. In such circumstances, a reasonable time will be implied, with the question as to what is a reasonable time being for

the trior of fact. *Whitley v. Patrick,* 226 Ga. 87 (4) (172 SE2d 692) (1970).

However, it affirmatively appears from the evidence produced at trial that neither the condition that Griffith obtain a VA loan nor the condition that the FDIC in Washington approve the contract has been met. The contract is not binding on the parties until Griffith obtains a VA loan, for not until the occurrence of that event does the contract have mutuality. *F & C Invest. Co. v. Jones,* 210 Ga. 635 (81 SE2d 828) (1954); *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233) (1951). Nor is the contract binding on the parties until the approval of the FDIC in Washington is obtained. *Weems v. Albert Pick & Co.,* 33 Ga. App. 579 (127 SE 819) (1925); *American Jobbing Assn. v. Register, Carter & Co.,* 5 Ga. App. 543 (63 SE 599) (1908).

Therefore, Griffith's suit for specific performance must necessarily fail. Accordingly, the trial court did not err in granting FDIC's motion for a directed verdict.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED JULY 12, 1978 — DECIDED OCTOBER 17, 1978.

*Raiford, McKeithen & Dixon, Gary W. Bross,* for appellant.

*Hansell, Post, Brandon & Dorsey, Lowell H. Hughen, Carol V. Clark,* for appellee.