58624. KINARD REALTY, INC. v. EVANS et al.

SHULMAN, Judge.

After certain property was sold by the fee simple owners (grantors of a security deed in favor of appellee-Evans) to purchasers allegedly procured by appellant-realtor, appellant instituted legal proceedings against appellee-Evans to recover unpaid commissions allegedly owing by reason of an oral listing contract for the sale of the property, and against the other party defendants (the purchasers) for an alleged conspiracy to interfere with the listing contract and to deprive appellant of its commissions. On appeal from the grant of appellees' respective motions for summary judgment and the entry of final judgment against appellant, we affirm.

1. At the crux of this litigation lies the validity of, and obligations created by, the alleged oral listing contract between appellant and appellee-Evans. In several related enumerations of error, appellant urges that the trial court erred in declaring the listing contract a conditional contract, in holding that appellant was not entitled to commissions by reason of the contract, and in ruling that there could be no actionable conspiracy to interfere with the contract. We cannot agree.

By appellant's own account, the alleged oral contract, which forms the basis for appellant's claims, provided that a stated commission (equal to 8% of the purchase price) would be payable to appellant for procuring a buyer ready, willing and able to purchase the property on the terms specified in the oral agreement or on other terms suitable to appellee-Evans, this contract being expressly contingent upon appellee-Evans foreclosing on the property or otherwise obtaining the right to sell the property. Appellant's contrary contentions notwithstanding, this contract did not constitute a present

unconditional promise to acquire the property at some future time. See *Birchmore v. Upchurch*, 78 Ga. App. 233 (50 SE2d 857), involving a listing contract which was made subject to an existing option on the property. Compare *Goldgar v. North Fulton Realty Co.*, 106 Ga. App. 459 (1) (127 SE2d 189), and *Deal v. Mountain Lake Realty, Inc.*, 132 Ga. App. 118 (4b) (207 SE2d 560), involving listing contracts which were unconditional even though the person desiring to sell the property did not have the right to sell the property at the time the contract was made. Since the listing contract was expressly conditioned on appellee's acquiring the right to sell the property by foreclosure or otherwise, and since this condition did not materialize, the contract was lacking in mutuality and was unenforceable. *Wehunt v. Pritchett*, 208 Ga. 441 (67 SE2d 233); *Stovall Realty &c., Inc. v. Goff*, 117 Ga. App. 94 (159 SE2d 467); *Clover Realty Co. v. McLeod*, 124 Ga. App. 160 (183 SE2d 33). It follows then that appellant had no contractual right to commissions (see *Busbin v. Suburban Realty, Inc.*, 236 Ga. 783 (1) (225 SE2d 316)), and that there could be no actionable conspiracy to interfere with the right to commissions. See *National City Bank v. Graham*, 105 Ga. App. 498 (2) (c) (1) (125 SE2d 223). Cf. *Wedgewood Carpet Mills v. Color-Set, Inc.*, 149 Ga. App. 417 (3) (254 SE2d 421).

2. Appellant submits that the court erred in holding, as a matter of law, that appellee-Evans' promise to either foreclose on or acquire the right to sell the property could not support a claim for fraud. We must take issue with this position.

Since the conditional promise to obtain the property was lacking in mutuality, the trial court properly held that appellee's failure to perform in accordance with his promise could not provide the basis for actionable fraud. *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569 (2) (208 SE2d 583).

3. Remaining enumerations of error concern alleged issues of fact which are rendered moot by our holding that the contract forming the basis of appellant's claims is unenforceable. As such, the asserted errors do not involve genuine issues of material fact that would render summary judgment improper. *Sandison v. Harry Norman Realtors*, 145 Ga. App. 736 (2) (245 SE2d 37).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED OCTOBER 2, 1979 — DECIDED DECEMBER 4, 1979 —
REHEARING DENIED DECEMBER 19, 1979 —

*Richard W. Bethea, Jr.*, for appellant.
*Ernest McDonald, Warren N. Coppedge, Jr., Sam F. Little,* for appellees.