61441. TUGGLE v. WILSON.

Birdsong, Judge.

Breach of contract. H. C. Tuggle desired to purchase certain property in Gwinnett County. Tuggle is a registered real estate agent and has owned and operated his own agency. Prior to this litigation, Tuggle's father had died and Tuggle had qualified as administrator for his father's estate. Another real estate agent, Britt (a distant cousin of Tuggle), located land for sale in Gwinnett County and informed Tuggle of the availability of the land. Tuggle found the tract of land to be one that ran south from a Stephenson Road. The

appellee Carol Wilson owned the approximately three acres of land fronting on Stephenson Road that Tuggle desired to purchase. There was a frame house on the property. The family residing there had executed a lease with option to purchase with the owner, Wilson. The family had become delinquent in rental payments, and Mrs. Wilson was in the process of cancelling the lease and option and had demanded possession. Immediately to the west of the Wilson property, there was a large tract of land that belonged to the estate of Britt's grandfather. To the east adjoining Wilson's property along Stephenson Road lay other tracts of land belonging to third parties. Tuggle believed there was only one such tract (presumably the Gatlin land) when in actuality there were two tracts that fronted on Stephenson Road. The tract furthest to the east and extending to the south was a 19.4 acre tract belonging to Gatlin. In between the Gatlin and Wilson property and lying to the east and south of the Wilson acreage was a small tract of land owned by Carter. The Carter property actually adjoined the Wilson property and separated Wilson's acreage from that owned by Gatlin.

Tuggle and Wilson entered into a purchase-sell contract. The contract was subject to Mrs. Wilson's being able to evict her tenants and to cancel their option to buy. Tuggle's purchase was subject to Tuggle being able to obtain the property lying to the east and south of Mrs. Wilson's property. These conditions precedent were addendums to the contract and approved by both parties. The most

pertinent addendum stated: "15. This contract is contingent upon the final acceptance of a contract issued by H. C. Tuggle to purchase a tract of land containing approximately 19.4 acres and adjoining the Wilson property on the south and east sides. Should the Purchaser be unable to obtain the acceptance of his offer to purchase the adjoining tract, this contract between Mr. Tuggle and Ms. Wilson will become null and void and all earnest money will be refunded to the Purchaser."

Mrs. Wilson had her tenants evicted on April 4. Appellant Tuggle was present at the eviction and entered the frame house to help move the belongings out of the house. About four days later the house was burned, apparently as a result of arson. The contract authorized Tuggle to pursue the sale in the event of such a fire and be entitled to any insurance. Tuggle believed the insurance on the house would be approximately $37,000, which in ultimate effect would require him to expend only about $7,000 for the property. However, Mrs. Wilson declared the contract null and void and declined to close on the sale. It was her contention that Tuggle actually purchased the 19.4 acre Gatlin site as administrator of his deceased father's estate and not in his own right and further that the Gatlin land was not "adjoining" her property because the Carter property separated the Gatlin and Wilson land. Tuggle admitted that he had indeed purchased the Gatlin property in his capacity as administrator for the estate and that he had never made a bona fide offer for the adjoining Carter property because the price was too high.

When Tuggle learned by letter that Mrs. Wilson had declared the sale contract null and void, Tuggle telephoned Mrs. Wilson to pursue the matter. When Mrs. Wilson was evasive in her answers and lead Tuggle to believe that the matter was not negotiable, Tuggle threatened to sue Mrs. Wilson, using certain four-letter words that traditionally have been considered obscene. Tuggle admitted using the language substantially as alleged by Mrs. Wilson. Tuggle did subsequently bring suit against Mrs. Wilson seeking either specific performance of the contract or alternatively compensatory damages for breach of contract. Mrs. Wilson answered denying that the contract was enforceable because of vagueness and lacking in mutuality and filed a cross complaint that her peace, dignity and tranquility had been violated by the use of the threatening and obscene language over the telephone. Mrs. Wilson moved for summary judgment as to Tuggle's complaint and as to liability in those counts of her cross complaint alleging violation of her peace and tranquility through the use of the abusive and obscene language. The trial court granted Mrs. Wilson summary judgment and against Tuggle and dismissing Tuggle's complaint on the ground that the

contract was vague and unenforceable. The court granted summary judgment to Mrs. Wilson as to liability in those counts of the cross complaint alleging the use of the threatening and obscene language. Tuggle brings this appeal enumerating as error the grants of summary judgment to Mrs. Wilson. *Held:*

1. Tuggle argues that as soon as the tenants had been evicted, he commenced efforts with a bank to finance the purchase price of the Wilson property. Thus he argues that he had fulfilled all the requirements of the contract. He had purchased the 19.4 acres and notified Mrs. Wilson that he was ready to close. He contends that he was not interested in the Carter property and sought only the Wilson property because he wished to remodel and live in the frame house.

On the other hand it would appear that if Tuggle had not desired to close on the property he could have made the same arguments advanced by Mrs. Wilson. He had not in fact purchased the adjoining property to the south and east of the Wilson property and the sale under the contract was made expressly subject to such a condition. Further, the contract is subject to an interpretation that Tuggle was required to buy the property himself. While the contract required the purchase of a 19.4 acre tract, it also required the purchase of the "adjoining" land to the south and east of the Wilson property. This could mean that adjacent property actually touching the Wilson property or the property lying generally to the south and east of the Wilson property. Depending upon the interpretation put upon the contract by either Mrs. Wilson or Tuggle, it could be argued that the condition precedent had not been fulfilled.

It is well settled that contracts conditioned upon discretionary contingencies lack mutuality. "If, in a contract for the sale of real estate, payment of the purchase price is made contingent upon an event which may or may not happen at the pleasure of the buyer, the contract lacks mutuality, and until that contingency has occurred, there is no obligation on the part of the purchaser to purchase or the seller to sell. *F. & C. Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828); *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233)." *Teague v. Adair Realty &c. Co.,* 92 Ga. App. 463, 467 (88 SE2d 795). See *Stone Mtn. Prop. v. Helmer,* 139 Ga. App. 865, 867 (229 SE2d 779). Moreover, part performance or conduct indicating acceptance of the contract by one of the parties does not cure the uncertainties. As we read the contract in question, performance of part is no cure or remedy for the vital requirement of certainty. *Green v. Zaring,* 222 Ga. 195, 198-199 (149 SE2d 115); *Grizzle v. Gaddis,* 75 Ga. 350; *Thomas v. Harris,* 127 Ga. App. 361, 363 (193 SE2d 260). Any contract, including one for the sale of land, must contain a specific and definite statement of the terms of the contract. Its terms must be

such that neither party can reasonably misunderstand them. Stated otherwise, the rule as to certainty is that the agreement must be so certain and complete that each party may have an action on it. *Jones v. Graham,* 39 Ga. App. 822, 824 (148 SE 604). This court would be remiss in carrying out the contract in its present state of uncertainty for we could do so based only upon our guess or conjecture as to the true intent of the parties. We might well be guilty of erroneously decreeing that which the parties never intended or contemplated. *Williams v. Manchester Bldg. Supply Co.,* 213 Ga. 99, 101 (97 SE2d 129). Lastly, the interpretation and construction of contracts is for the trial court. *Henderson Mill Ltd. v. McConnell,* 237 Ga. 807, 809 (229 SE2d 660); *Taylor Freezer Sales Co. v. Hydrick,* 138 Ga. App. 738, 739 (227 SE2d 494). The trial court did not err in granting summary judgment to Mrs. Wilson on Tuggle's complaint seeking to enforce such an ambiguous contract or to refuse specific performance of the same.

2. Tuggle also complains as to the grant of partial summary judgment as to liability on Mrs. Wilson's counterclaim pertaining to the use of obscene language over the telephone, contending that he was entitled to a jury trial as to his intent. We disagree.

Tuggle frankly admitted his anger and use of the words alleged by Mrs. Wilson. Those words, not necessary here to repeat, are words commonly accepted as obscene in meaning and are not words used in usual business transactions. There is no question that the words used in a conversation involving a real estate sale fall within the ambit of Ga. L. 1968, p. 9 (Code Ann. § 104-9901 (a)) which proscribe any telephone communication wherein the caller makes a comment which is obscene, lewd, filthy or indecent. Tuggle not only does not create an issue of fact as to the utterance of the objectionable language but frankly admitted using the language. The purpose of the Summary Judgment Act is to eliminate the necessity for trial by a jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

The only issue sought to be raised by Tuggle is the matter of his intent. However, the matter of intent relates to a criminal matter and is of no moment in a civil trial for damages. *Nash v. Hess Oil &c. Corp.,* 121 Ga. App. 546, 548 (174 SE2d 373) (reversed on other grounds in *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706 (177 SE2d 70)). We conclude as to these three counts of Mrs. Wilson's counterclaim that the trial court did not err in granting summary judgment to Mrs. Wilson.

416

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 30, 1981 —

*Harold A. Horne, Jr.,* for appellant.
*Richard C. Freeman III,* for appellee.