## 37887. JONES v. GASKINS.

MARSHALL, Justice.

This is a suit for rescission of a real estate sales contract. Although the amount in controversy is nominal, we conclude that the judgment must be reversed and the case remanded for a new trial. These are the facts:

The contract was entered into on August 9, 1977, between Gaskins, as purchaser, and Jones, as seller. Under this contract, Jones is to sell Gaskins a residential lot on which to construct a residence. The purchase price of the property is $6,000. The mode of payment is described in the following language, ruled by the trial judge to be unenforceably vague: "Seller to subordinate above described property to original construction loan to be obtained by purchaser. At a time period of 120 days from date of said construction loan, balance shall be payable, or purchaser may elect within 90 days to pay remaining balance of $4,000 at rate of $100 per month at 8% interest until said balance is paid in full. In such event, there shall be no prepayment penalty." Under this contract, Jones was also obligated to install an "all-weather gravel road" and to provide a "50' right-of-way . . . [s]aid 50' right-of-way to include access for utilities, water, telephone, electricity, etc." This contract did not specify when the closing would occur.

Gaskins made a down payment of $2,000, and he began paying Jones $100 per month toward the purchase price. Although the property is undeveloped, the contract does give Gaskins the right of possession upon making the down payment. However, he never moved onto the property and title was never conveyed to him. Then Gaskins became dissatisfied by several events: He learned that Jones was involved in a lawsuit challenging his claim of a right-of-way to the subject property. He also discovered that there were no water lines or electrical connections accessible to the property.

On August 8, 1979, Gaskins filed the present complaint against Jones for rescission of this contract on the ground that Jones had failed to fulfill his obligations under the contract and was in default thereof. Gaskins sought a return of the $2,000 down payment, as well as $1,200 he had made in monthly payments. Jones answered the complaint, alleging that it was Gaskins who was in default of the contract. Jones later filed a counterclaim against Gaskins for $6,000 he had allegedly expended in constructing the gravel road.

The case came on for trial before a jury. At the close of the plaintiff's evidence, the trial judge directed a verdict against the plaintiff on the issue of whether he had been induced to enter the contract because of fraud practiced by the defendant. However, the trial judge then ruled that the contract sought to be enforced is unenforceable for vagueness. On this basis, the trial judge ruled that he had no alternative but to rescind the contract and order the defendant to return the $3,200 paid by the plaintiff as purchase money. The jury was directed to enter a verdict in favor of the plaintiff, and judgment was so entered.

The defendant appeals, alleging; (1) that the trial judge erred in granting the plaintiff's motion for directed verdict without allowing the defendant to present evidence; and (2) that the trial judge erred in ordering a rescission of the contract, since the defendant has expended money in constructing the gravel road and, therefore, can not be returned to the position he occupied before entering the contract. The plaintiff responds by arguing that the verdict is supported by evidence of fraud, breach of contract, invalidity of contract, and defective title. *Held:*

The trial judge erred in granting the plaintiff's motion for directed verdict in that the jury would have been authorized in returning a verdict in favor of either party.

1. The jury would have been authorized in returning a verdict for the plaintiff under the following lines of authority.

"[T]he restitutionary remedy of recovery of the consideration advanced on the theory of rescission of the contract because of the defendants' material nonperformance or breach is an available

remedy in this jurisdiction." *Cutcliffe v. Chesnut,* 122 Ga. App. 195 (2) (176 SE2d 607) (1970). In addition, the jury could find a fraudulent suppression of facts where the seller agrees to provide a right-of-way which he does not have and access to utility connections which do not exist. See generally, *Wilhite v. Mays,* 239 Ga. 31 (235 SE2d 532) (1977).

It is true that under Code § 20-907, a party may rescind for nonperformance by the opposite party of his covenants only when both parties can be restored to the condition in which they were before the contract was made. E.g., *Tipton v. Harden,* 128 Ga. App. 517 (3) (197 SE2d 746) (1973). However, "[t]he equitable right to [restoration] upon the rescission of a contract . . . rests upon the doctrine that a party who has received from another anything of value by virtue of a contract can not rescind the same without restoring whatever thing of value he has so gotten." *Kerlin v. Young,* 159 Ga. 95, 104 (125 SE 204) (1924). "Restoration does not require that the opposite party shall be placed in the exact situation in which he was before the exchange, but only that he be placed substantially in his original position, and that the party rescinding shall derive no unconscionable advantage from the rescission." *Fletcher v. Fletcher,* 158 Ga. 899, 900 (4) (124 SE 722) (1923). See also Davey v. Brownson, 3 Wash. App. 820 (478 P2d 258, 50 ALR3d 1182) (1970).

2. The jury would have been authorized to return a verdict in favor of the defendant under the authority of *Dozier v. Matthews,* 136 Ga. App. 375 (221 SE2d 236) (1975) and *Tipton v. Harden,* supra.

These decisions authorize a contracting party to recover expenses incurred in performing the contract as damages for breach of contract, even where the contract is unenforceable for vagueness.

3. However, the contract in this case is not unenforceable for vagueness. The trial court could decree specific performance of this contract by ordering the defendant to convey the property to the plaintiff and by ordering the plaintiff to pay the balance remaining on the $6,000 purchase price or continue making the specified monthly payments.

*Judgment reversed. All the Justices concur, except Gregory, J., who concurs in the judgment only.*

DECIDED NOVEMBER 18, 1981.

*David W. Hibbert,* for appellant.
*Edward K. Albrecht,* for appellee.