## 63152. HARRINGTON et al. v. NORRIS B. STRICKLAND & ASSOCIATES INC. et al.

BIRDSONG, Judge.

Contract to Sell Land. Harrington agreed to sell Hodnett 224 acres of land in Wayne County for $175,000. Hodnett contracted to purchase the land contingent upon his obtaining financing of $130,000, ostensibly from The Federal Land Bank of Columbia. After first approving a loan in the amount of $130,000, The Federal Land Bank reconsidered and approved an amount less than $130,000. Harrington notified Hodnett that he (Harrington) would finance the difference between the amount approved by The Federal Land Bank and $130,000 as called for in the contract. This offer was rejected. Hodnett had paid $10,000 to a broker as earnest money before the loan negotiations had been concluded. Arguing that the contract was contingent upon his obtaining a single loan in the amount of $130,000, and his efforts therein being unsuccessful, Hodnett contended the contract lacked mutuality. Harrington, on the other hand, argued that the contract required only that Hodnett obtained total financing in an amount of $130,000 and because Harrington would furnish the remaining finances, the contingency had been met. Both Harrington and Hodnett sought the return of the $10,000 earnest money which had been paid into the court by the broker. The trial court ordered the money paid to Hodnett upon the ground that the contract lacked mutuality and therefore was unenforceable. Harrington brings this appeal urging error by the trial court in its determination of lack of mutuality. *Held:*

We affirm. This contract clearly contemplated that Hodnett would obtain financing of $130,000 from The Federal Land Bank. He applied to the bank named in the contract and being ultimately unable to obtain what was required, was unable to fulfill the stated contingency. "If, in a contract for the sale of real estate, the initial payment of the purchase money is contingent upon an event which may or may not happen, at the pleasure of the buyer, the contract lacks mutuality. This deficiency as to mutuality is not remedied by a subsequent offer by the seller to perform an act which he was not bound in the contract to perform." *F & C Investment Co. v. Jones,* 210

Ga. 635, 636-637 (81 SE2d 828). Thus the fact that Hodnett was able to fulfill the required loan financing by some means other than reliance on the Federal Land Bank does not relieve the contract of the deficiency as to mutuality, for performance depended solely upon the ability of Hodnett to procure the stated loan from that particular bank, and not upon his ability to obtain a series of loans amounting to the stated sum from whatever source other than the named bank. Until the stated contingency occurred, there was no obligation on the part of the seller to sell or the buyer to purchase. The earnest money was to be forfeited only in the event Hodnett in bad faith did not comply with the terms of the contract. There being no mutuality, there was no contract and thus no obligation to purchase. It was not error for the trial court to order return of the earnest money to Hodnett. See *Griffith v. Federal Deposit Ins. Co.,* 242 Ga. 367, 369 (249 SE2d 54); *Sheldon Simms Co. v. Wilder,* 108 Ga. App. 4, 5 (131 SE2d 854).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1982.

*T. Alvin Leaphart,* for appellants.
*William A. Zorn,* for appellees.