## S91A0095. BISHOP et al. v. VALLEY HOLDING, INC. et al.

(404 SE2d 779)

WELTNER, Justice.

In 1986, a group of homeowners of Apple Valley Condominiums brought an action against developers to enforce certain covenants, including the completion of 87 condominium units. The developers, Valley Investors, a limited partnership, and Valley Holding, its general partner, acquired the duties and obligations of "declarant"[1] under the terms of the condominium declarations in 1984.

*Statute of Limitation Claim*

1. The trial court granted partial summary judgment to the developers, holding, inter alia, that this cause of action was barred by the statute of limitation.

(a) In a letter to the homeowners dated November 19, 1985, David Butler, president of Valley Holding, Inc., stated:

As you all have noticed, you won! You have forced us to build the eighty-seven additional units. We, of course, wanted to pay the homeowners $228,925 and build a "Dunwoody Village" shopping center. Now, instead, you have no money. I personally thought the deal was very fair and you could have utilized the money more than the additional units. Further, you would have been able to control the Association — now you will not.

Our plans are to build the units and one investor group will own them as a rental investment. There is a great need for new rental townhouses in the Peachtree Corners area, especially three bedroom units for families who cannot afford the $220,000 homes in the area. In 1990, when the 1.3 million square feet of office space planned for Peachtree Corners is complete and there is a need for inexpensive family housing in the area, we will start the "sell out" process.

I regret we could not work out a compromise more beneficial to all.[2]

---

[1] "Declarant" is defined in the Declaration of Covenants, Conditions and Restrictions for Apple Valley Condominiums as follows:

Declarant means Donald F. Lee . . . his successors and assigns if such successors or assigns should acquire for the purpose of development all of the property described [in the relevant documents].

[2] Note the following language contained in a letter to homeowners from John Shelley, then president of Valley Holding, Inc., dated November 21, 1984:

Several people at the meeting asked the same question — "What are you going to do

(b) OCGA § 9-3-110 provides:

A new promise, in order to renew a right of action already barred or to constitute a point from which the limitation shall commence running on a right of action not yet barred, shall be in writing, either in the party's own handwriting or subscribed by him or someone authorized by him.

The statute of limitation is not a bar to this action.

## Enforceability of Contract

2. The trial court found that the contract was too indefinite as to time to be enforceable.

In addition to making a promise to the homeowners to construct the units, the declarants signed a contract in 1985 to this same end.[3] The date specified in that contract provides a reasonable time for the performance of the developers' obligations under the declarations. See *Griffith v. Federal Deposit Ins. Corp.*, 242 Ga. 367 (249 SE2d 54)

---

with the property on Holcomb Bridge Road?" We bought the property to build condominiums. The land was bought at condo prices which in the Atlanta area, is $5,000 to $8,000 per unit. Our goal is to begin construction on March 1, 1985 while interest rates are down and be completely sold out by September 30, 1985.

Note also the following contained in a "Private Offering Memorandum," October 31, 1984:

(a) Valley Investors, Ltd., a Georgia limited partnership formed on September 24, 1984 (the "Partnership"), has as its purpose to hold for investment, and eventually sell, approximately 11.8 acres of undeveloped land located at the southern corner of the intersection of Holcomb Bridge Road and Peachtree Corners Circle in Gwinnett County, Georgia. This land is presently subject to a declaration of condominium which prevents it from being developed other than for condominiums. See "THE PROPERTY" and "RISK FACTORS — Possible Inability of Partnership to Remove Undeveloped Property from Declaration."

(b) *Obligation to Build Out Project.* The Declaration obligates the Declarant to construct or cause to be constructed buildings containing a total of 161 residences — 74 units have been constructed and sold to date. The Declaration does not provide any date by which the development or any particular phase must be completed, and it does not provide any minimum requirements for the type or quality of construction. If the Undeveloped Property is not removed from the Declaration, the Partnership as Declarant would be required to develop such property with the remaining 87 condominium residence units to be constructed under the Declaration. Such development by the Partnership itself would require an amendment to the Partnership Agreement, which presently authorizes the Partnership only to hold the Property for investment and sell it.

[3] Contract between Valley Investors, Ltd., and Trend Construction, Inc.:

The work to be performed is in accordance with the "Apple Valley Condominium Completion of Phase III" as prepared by David A. Burre and Associates, Inc. dated September 26, 1985 containing five (5) sheets.

The work to be performed under this Contract shall be commenced on the date hereof and, subject to authorized adjustments, Substantial Completion shall be achieved no later than January 31, 1986.

(1978).[4]

The trial court should have denied the developers' motion for partial summary judgment on this issue.

### Remaining Claims

3. The trial court did not err in granting summary judgment to Charles S. Roberts and Roberts Properties, Inc. The trial court did not err in holding that Valley Investors can be held liable only for acts or omissions that occurred during its status as "declarant" and that a predecessor owner cannot be held liable for acts or omissions that occurred during its status as "declarant" because such claims are barred by the statute of limitation.

*Judgment affirmed in part, reversed in part, and case remanded. All the Justices concur.*

DECIDED JUNE 7, 1991 —
RECONSIDERATIONS DENIED JULY 3, 1991.

*Wendell K. Willard,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, James W. Hawkins, Jones, Day, Reavis & Pogue, Gary W. Hatch,* for appellees.

---

[4] [A] contract is not invalidated for failure to specify a time within which it is to be performed. In such circumstances, a reasonable time will be implied, with the question as to what is a reasonable time being for the trior of fact. [Id. at 368-369.]