### 18392. WHITEHEAD *v.* CRANFORD.

HEAD, Justice. 1. Whenever personal property shall be sold and delivered with the condition affixed to the sale that the title thereto is to remain in the seller until the purchase price is paid in full, such contract is a conditional sale. Code § 67-1401; *Jowers* v. *Blandy,* 58 *Ga.* 379; *A. O. Blackmar Co.* v. *Wright Co.,* 62 *Ga. App.* 861 (10 S. E. 2d 117).

2. A contract may be absolute or conditional. In a conditional sale the covenants are dependent the one upon the other, and the breach of one is a release of the binding force of all dependent covenants. The classification of every contract must depend upon a rational interpretation of the intention of the parties. Code § 20-109.

3. The proviso in the contract, that "this sale is contingent upon the beer license held by Briarcliff Pharmacy being transferable to the grantee herein," is neither impossible, immoral nor illegal (Code § 20-111), but is a stipulation within the contractual rights of the parties, and when approved by them, all other covenants and agreements of the contract were thereupon dependent on the beer license "being transferable to the grantee," the plaintiff herein.

4. The act of 1935, which authorizes the sale of beer at retail, provides that no person may become a retail dealer in beer in any municipality without first procuring a license or permit from the municipality. In the granting or refusing of a license or permit, the municipality may exercise discretionary powers, since the sale of beer is declared to be a privilege and not a right. Ga. L. 1935, p. 80 (Code, Ann., § 58-718).

5. A rational interpretation of the intention of the parties (Code § 20-109) with reference to the proviso, "transferable to the grantee herein," could only mean that the grantee (plaintiff) must be approved as a licensee within the discretion granted by law to the municipal authorities. Whether or not some other person might be approved in the discretion of the municipal authorities as a transferee is not the contingency of

the proviso, which, by its terms, is limited to the grantee. It was error to sustain the general demurrer to the petition.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*

Submitted October 14, 1953—Decided November 10, 1953— Rehearing denied November 25, 1953.

*Troutman, Sams, Schroder & Lockerman, J. L. Glover*, for plaintiff in error.

*Walter D. Sanders*, contra.

The plaintiff in error (plaintiff in the court below) filed a petition for the rescission of a certain contract and for the recovery of an amount paid by him, and in substance alleged: The defendant is a resident of Coweta County and subject to the jurisdiction of the court. On July 7, 1952, the plaintiff and the defendant entered into a contract for the sale of fixtures and equipment in what is known as Briarcliff Pharmacy, for a consideration of $7,000—$3,700 paid in cash and the assumption of an indebtedness of $3,300. A contingency in the proposed sale was: "It is expressly understood that this sale is contingent upon the beer license held by Briarcliff Pharmacy being transferable to grantee herein." (Copy of the contract was attached as an exhibit to the petition and made a part thereof.) Besides the personal property, the chief asset of Briarcliff Pharmacy was its beer license, which brought in more income than any other phase of the business. Relying upon the contingency, the plaintiff paid $3,700 on July 7, 1952. On the same date he went with the defendant's attorney to the city hall in Atlanta, and the beer license, which had expired on July 1, with twelve days grace for renewal, was renewed, and the plaintiff reimbursed the attorney for the amount of the renewed license. Immediately following the renewal, the plaintiff went to the police department of the City of Atlanta and made application for a transfer of the beer license to him. Pending action by the police department in the investigation, a temporary permit to sell beer at the pharmacy was issued. During the time the plaintiff operated the business, his application for a transfer was pending before the police department of the City of Atlanta, and the General Council of the city. The application for transfer was subject to valid and sub-

sisting ordinances, which are set out, and under the ordinances the defendant had no absolute right to a transfer of the license, but a transfer was subject to approval by the mayor and council. On July 21, 1952, the General Council of the city denied the plaintiff's application for a transfer of the beer license. Upon being notified of the refusal of the transfer of the license, the plaintiff immediately offered to restore to the defendant all properties received by him, and demanded the return of the purchase money paid by him to the defendant, and a return of the amount paid for a renewal of the beer license. The defendant refused to rescind the contract, and the plaintiff immediately locked the store and tendered the keys of the premises to the defendant, and again demanded that the defendant take possession of the premises and refund the purchase money which the plaintiff had paid. The plaintiff operated the business from July 7 to July 21, inclusive. None of the stock of goods which the plaintiff found on the store premises when he entered into possession was sold by him in the operation of the business. Subsequently, the holder of a bill of sale to secure an indebtedness instituted a foreclosure proceeding in the Superior Court of DeKalb County. Notice of the foreclosure proceeding and the date of sale was given to the defendant, and by the foreclosure sale it has been put beyond the power of the plaintiff to restore the property to the defendant. Upon the refusal of the transfer of the beer license, the only thing remaining to be done to complete a rescission of the contract and purported sale was the restoration to the plaintiff of the amount paid by him.

A general demurrer to the petition was sustained, and the exception is to that judgment.