44583. WARREN'S KIDDIE SHOPPE, INC. v. CASUAL SLACKS, INC.
44584. KIDDIE SHOPPE, INC. v. CASUAL SLACKS, INC.

ARGUED JULY 9, 1969—DECIDED NOVEMBER 3, 1969.

*Kelly, Champion & Henson, Jerome M. Rothschild,* for appellants.

*Aaron.Cohn,* for appellee.

HALL, Judge. ■ The plaintiff contends that parol evidence is inadmissible to explain the shipment term "June-Aug." because the term unambiguously meant that the goods could be shipped at any time during June and July and through August 31, while defendants contend that whether or not the term "June-Aug." is ambiguous, evidence of course of dealing and

usage of trade is admissible to explain or supplement the written terms of a contract. The Uniform Commercial Code which governs contracts of the kind here involved supports defendant's contention. "Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented (a) by course of dealing or usage of trade (109A-1—205) or by course of performance (109A-2 —208); . . ." *Code Ann.* § 109A-2—202.

The above section was adopted by the Georgia legislature verbatim from § 2-202 of the Uniform Commercial Code and therefore, in its application by the Georgia courts, the intentions of the drafters of the Uniform Commercial Code as evidenced in the official comments to the Uniform Commercial Code should be given due consideration. Comment 1 to § 2-202 of the Uniform Commercial Code states: "This section definitely rejects: . . . (b) The premise that the language used has the meaning attributable to such language by rules of construction existing in the law rather than the meaning which arises out of the commercial context in which it was used; . . ." Comment 2 states: "Paragraph (a) (of the statute) makes admissible evidence of course of dealing, usage of trade and course of performance to explain or supplement the terms of any writing stating the agreement of the parties in order that the true understanding of the parties as to the agreement may be reached. Such writings are to be read on the assumption that the course of prior dealings between the parties and the usages of trade were taken for granted when the document was phrased. Unless carefully negated they have become an element of the meaning of the words used."

In our opinion, evidence of trade usage was admissible and the question of whether or not the delivery terms of the contract in the instant cases had been breached presented an issue of fact for a jury.

■ The plaintiff further contends, however, that even if evi-

dence of trade usage should have been permitted to explain the terms of these contracts, plaintiff was entitled to summary judgment since defendants would be barred from any remedy for the breach because they failed to give the required notice under the Uniform Commercial Code. "Where a tender has been accepted (a) the buyer must within a reasonable time after he discovered or should have discovered any breach notify the seller of breach or be barred from any remedy." *Code Ann.* § 109A-2—607 (3).

The facts attested to by both defendants show that immediately upon receipt of the first shipment of ordered goods in August, the president of each defendant telephoned plaintiff's president and informed him that the goods had arrived too late to be sold during defendants' pre-school selling season, that in order to sell the goods at this late date the prices would have to be marked down from one-third to one-half off the usual retail price of the goods and therefore defendants would have to make a deduction from the invoiced price of the ordered merchandise.

The plaintiff contends that since the buyer must give notice within a reasonable time after he discovers or should have discovered any breach, then, if there was a breach, defendants were well aware of it by the end of June when no shipment arrived during that month and therefore, as a matter of law, notice given in August is not within a reasonable time after discovery of the breach. We disagree for the reason that notice under this section obviously cannot be given until *after* the goods are received and accepted.

Plaintiff raises the further question of whether the telephone conversations by the defendants to the plaintiff's president sufficed as notice to the seller. The answer is found in Comments to the Uniform Commercial Code. "The time of notification is to be determined by applying commercial standards to a merchant buyer. . . The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. There is no reason to require that the notification which saves the buyer's rights under this section must include a clear statement of all the objections

that will be relied on by the buyer, as under the section covering statement of defects under rejection (§ 2-605). Nor is there reason for requiring the notification to be a claim for damages or of any threatened litigation or other resort to a remedy. The notification which saves the buyer's rights under this article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation." Comment 4 to § 2-607.

Both defendants were attempting to utilize the remedy available to them under *Code Ann.* § 109A-2—717 which provides: "The buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract." Comment 2 to the corresponding section of the Uniform Commercial Code provides: "The buyer, however, must give notice of his intention to withhold all or part of the price if he wishes to avoid default within the meaning of the section on insecurity and right to assurances. In conformity with the general policies of this article no formality of notice is required and any language which reasonably indicates the buyer's reason for holding up his payment is sufficient."

The affidavits of defendants stated facts which raise a genuine issue as to whether they satisfied the notice requirements of *Code Ann.* §§ 109A-2—607 (3) and 109A-2—717.

The trial court erred in its judgments granting the plaintiff's motions for summary judgment.

*Judgments reversed. Jordan, P. J., and Whitman, J., concur.*