45826. JINRIGHT et al. v. RUSSELL.

WHITMAN, Judge. This is an appeal by the defendants below from the denial of their motion for a summary judgment. The complaint alleges that the parties made an oral agreement whereby the defendants agreed: "[T]o purchase from the plaintiff all fixtures, stock, good will and name or trade name located in the establishment known as the Bottle Shop Liquor Store . . . for the sum of $6,500. Said money being payable $1,500 down and the balance payable as soon as the license was transferred."

It is further alleged that the defendants gave the plaintiff a check in the amount of $1,500 as partial payment of the contract price, but then stopped payment on the check. The defendants denied the material allegations of the complaint and set up several matters in defense.

1. One ground of the defendants' motion for summary judgment which is urged on appeal is that: "[T]he alleged agreement sued upon is oral and is void and unenforceable in that it is for the sale of goods at a price of more than $500 and that no memorandum in writing was executed pursuant to the Statute of Frauds and there has not been sufficient part performance so as to remove said alleged agreement from the application of the Statute of Frauds."

Both defendants filed an affidavit in support of their motion. The affidavits admit that there were negotiations between the par-

ties regarding the sale of the store. It is deposed that they were quoted a price of $5,500, and further that they did give plaintiff a check for $1,500, but when the plaintiff mentioned a balance remaining different from what they had understood, "rather than get into a hassle . . . over the purchase price, we stopped payment on the check and discontinued negotiations the same day it [the check] was given."

The check was before the lower court for consideration. It is for the amount of $1,500 payable to the plaintiff, and is drawn on Mrs. Hurshell Jinright's account with the Fourth National Bank of Columbus, Columbus, Ga., and is signed "Mrs. Hurshell Jinright." The check bears the notation "For Binder on Store." It is endorsed by the plaintiff. On its face the check is stamped "Payment Stopped."

The applicable statute is Ga. L. 1962, pp. 156, 176 (*Code Ann.* § 109A-2—201), which provides: *"Formal requirements; statute of frauds.*—Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing."

The Comment to Section 2-201 (1) of the 1962 Official Text of the UCC (from which *Code Ann.* § 109A-2—201 (1) is taken) states: "The required writing need not contain all the material terms of the contract and such material terms as are stated need not be precisely stated. All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction. It may be written in lead pencil on a scratch pad. It need not indicate which party is the buyer and which the seller. The only term which must appear is the quantity term which need not be accurately stated but recovery is limited to the amount stated. The price, time and place of payment or delivery, the general quality of the goods, or any particular

warranties may all be omitted. . . Only three definite and invariable requirements as to the memorandum are made by this subsection. First, it must evidence a contract for the sale of goods; second, it must be 'signed,' a word which includes any authentication which identifies the party to be charged; and third, it must specify a quantity."

In *Kramer v. Johnson,* 121 Ga. App. 848, 850 (176 SE2d 108), the court said: "The legislature had the benefit of the drafter's interpretations when it enacted the Code [Uniform Commercial Code] and we cannot say that it intended something else." See also *Warren's Kiddie Shoppe v. Casual Slacks,* 120 Ga. App. 578, 580 (171 SE2d 643).

In our view the signed check in the present case, with its notation "For Binder on Store," meets all of the requirements of a writing sufficient to indicate that a contract for sale was made between the parties. The check does not prove a contract, but it would authorize the introduction of oral evidence toward that end. The party asserting the contract still must bear the burden of proving its existence and the terms. Cf. Arcuri v. Weiss, 198 Pa. Super. 506 (184 A2d 24).

2. Another argument which the defendant-appellants make is that even if there was an agreement such as has been alleged, in particular, "said money being payable $1,500 down and the balance payable as soon as the license was transferred," then it is manifest that the performance under the contract was contingent upon the transfer of a license, which contingency was discretionary with the licensing authority, was not certain to happen, has not been alleged to have happened, and has not happened; and for such reason the contract is not enforceable.

The complaint can fairly be said to have alleged an oral contract between the parties and a repudiation thereof by the defendants. With regard to the contingency, it is the general rule that all conditions in a contract must be fulfilled except when performance thereof is excused. For example, when it is made apparent to one party that the other party will not carry out its obligations even if all conditions were to be performed, then such performance is excused. A repudiation or other total breach relieves performance of conditions precedent. 4 Corbin

on Contracts (1951) 920, § 977; 17A CJS 652, Contracts, § 472 (1); 17 AmJur2d 912, Contracts, § 449. "The courts of this State are committed to the rule laid down in Hochster v. De la Tour, 2 El. & Bl. 678, and followed by the Supreme Court of the United States in Rhoem v. Horst, 178 U. S. 1 (20 SC 780, 44 LE 953). The rule is: An absolute refusal by one party to perform an executory contract containing mutual obligations, prior to the date or dates fixed for performance, if such repudiation goes to the whole contract, amounts to a tender of a breach of the contract; and if accepted as such by the opposite party to the contract, it constitutes an anticipatory breach, and the injured party may at his election at once sue and recover his entire damages." *Phosphate Mining Co. v. Atlanta Oil &c. Co.,* 20 Ga. App. 660 (1) (93 SE 532). Also see *Code Ann.* § 109A-2— 610. Thus the mere fact that the alleged contract contained a contingency of such nature does not render it void. *Whitehead v. Cranford,* 210 Ga. 257 (2, 3) (78 SE2d 797). Nor does the fact that the contingency was not certain to occur render rights under the contract unenforceable if it be found that the contract was repudiated. A party may not repudiate a contract and at the same time seek the advantage of a stipulation in the very contract he has repudiated.

3. To have brought about the contingency of a license transfer in the present case (aside from the fact that the uncertain approval by the licensing authority would be required) would doubtless have required some initiative action by the defendants, i.e., something in the nature of an application for transfer would have to be made and pressed. This raises the question of whether the contract as alleged was void for lack of mutuality. The answer to this question depends on whether action to obtain a license transfer was obligatory or discretionary with the defendants. If discretionary, then the contract lacked mutuality. *F & C Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828); *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233). If such action was obligatory on the defendants, then the contract would not be subject to this attack. *Sheldon Simms Co. v. Wilder,* 108 Ga. App. 4 (131 SE2d 584).

A jury must determine if there was a contract between the parties

having regard to the basic law of contracts, and if so, what the terms were, and that the parties contemplated by such agreement, or by implication therefrom, with regard to obtaining a license transfer. The law leans against the destruction of contracts. We find nothing in the contract as alleged which would require us to find it lacking in mutuality. *Good Roads Machinery Co. v. Neal & Son*, 21 Ga. App. 160 (3) (93 SE 1018).

4. The defendants having failed to pierce the allegations of the complaint and there being issues as to material fact, the trial court did not err in denying the defendants' motion for summary judgment.

*Judgment affirmed. Hall, P. J., and Eberhardt, J., concur.*

SUBMITTED JANUARY 11, 1971—DECIDED APRIL 28, 1971.

*Owens, Littlejohn & Gower, F. Houser Pugh,* for appellants.

*Roberts, Elkins, & Kilpatrick, Paul V. Kilpatrick, Jr., Samuel W. Worthington, III,* for appellee.

