## 57507. ROSWELL BANK v. ATLANTA UTILITY WORKS, INC.

McMURRAY, Presiding Judge.

Plaintiff's agent presented two checks to the president of the DeKalb County Bank and asked him to certify the checks, which he did on the back of the checks. Both checks were made by Vertex Systems, Inc. and payable to plaintiff. At the time the checks were presented there were sufficient funds in the account of Vertex Systems, Inc. to cover both checks.

Plaintiff's agent later presented the checks for payment to the defendant Roswell Bank, successor to the DeKalb County Bank. Defendant refused the checks, and plaintiff brought this action. Plaintiff's motion for summary judgment was granted, and defendant appeals, contending the certification of the checks was improper in that the bank officer signed them certified on the back of the checks, and it was released from liability due to plaintiff's reacquisition of the checks. *Held:*

1. Certification of a check is acceptance. Code Ann. § 109A-3—411 (Ga. L. 1962, pp. 156, 261). Acceptance is the drawee's signed engagement to honor the draft as presented and must be written on the draft. Code Ann. § 109A-3—410 (Ga. L. 1962, pp. 156, 260).

Code Ann. § 109A-3—410, supra, was adopted verbatim from § 3-410 of the Uniform Commercial Code, and the legislature had the benefit of the drafter's

interpretation when it enacted this statute. Therefore, due consideration should be given the official comments as we cannot say that the legislature intended something else. *Warren's Kiddie Shoppe v. Casual Slacks, Inc.,* 120 Ga. App. 578, 580 (1) (171 SE2d 643); *Kramer v. Johnson,* 121 Ga. App. 848, 850 (176 SE2d 108); *Jinright v. Russell,* 123 Ga. App. 706, 708 (1) (182 SE2d 328).

The official comments to § 3-410 of the Uniform Commercial Code (Code Ann. § 109A-3—410, supra) includes the statement that "[c]ustomarily the signature is written vertically across the face of the instrument; but since the drawee has no reason to sign for any other purpose his signature in any other place, even *on the back of the instrument is sufficient.*" (Emphasis supplied.) Uniform Commercial Code (U. L. A.) § 3-410, Official Comment No. 4. The certification of the checks in this case is sufficient. This is true notwithstanding Code § 13-2037 which directs that the certification be entered on the face of the check. Code § 13-2037 is addressed to the conduct of bank officers, providing penalties where bank officers failed to comply with its provisions, but not altering the effect of their acts in relation to other parties.

2. Plaintiff made a demand for acceptance of defendant's predecessor in interest. This is how presentment is made. Code Ann. § 109A-3—504 (Ga. L. 1962, pp. 156, 270; 1963, pp. 188, 191). But no transfer was made of the instruments as the rights of the plaintiff in the instruments were not vested in defendant's predecessor. Code Ann. § 109A-3—201 (Ga. L. 1962, pp. 156, 248). Plaintiff's agent merely presented the checks for acceptance by certification, and reacquisition under Code Ann. § 109A-3—208 (Ga. L. 1962, pp. 156, 251) never occurred. Therefore, there was no return or reacquisition of the instruments within the meaning of Code Ann. § 109A-3—208, supra.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Argued March 8, 1979 — Decided April 13, 1979.

*Larry R. Wight,* for appellant.

*Thomas G. Moore,* for appellee.