**TASK ENTERPRISES, INC., an Illinois corporation and Christopher Kachemov, Plaintiffs-Appellants,**

**v.**

**PRATT ADJUSTMENT COMPANY, Brian Lee Hustler, and Colonial Bank of Rockford, Defendants-Appellees.**

No. 83CA0563.

Colorado Court of Appeals,
Div. III.

Sept. 27, 1984.

Rehearing Denied Nov. 1, 1984.

Certiorari Denied Feb. 4, 1985.

James M. De Rose, Denver, for plaintiffs-appellants.

Grossman & Grossman, Alan M. Grossman, Denver, for defendants-appellees.

BABCOCK, Judge.

Plaintiffs, Task Enterprises, Inc., and Christopher Kachemov, appeal the judgment entered against them and in favor of defendant Colonial Bank of Rockford (Bank) on the parties' respective claims for damages arising out of the Bank's repossession of an automobile. Plaintiffs contend that the trial court erred in refusing to award the expenses incurred to obtain return of the vehicle after they had allegedly tendered payment of the amount required to redeem. They also contend that the trial court should not have awarded the bank collection costs incurred after the alleged tender was refused. We affirm.

Task Enterprises defaulted in making three monthly payments on a note it had executed in favor of the Bank. The note was personally guaranteed by Kachemov and was secured by an automobile owned by Task Enterprises. After default, the Bank effected a peaceable repossession of the vehicle. Kachemov then deposited funds sufficient to redeem the vehicle in a bank account and offered to send such funds to the Bank on condition that he be allowed to examine the vehicle. Insisting upon receipt of payment before the vehicle would be made available, the Bank declined the offer.

On appeal, plaintiffs contend that their offer constituted a tender of full payment. We disagree.

■ After default a debtor may generally redeem collateral which has been repossessed by "tendering fulfillment" of all obligations secured by the collateral as well as repossession expenses reasonably incurred by the secured party. Section 4–9–506, C.R.S. "Tendering fulfillment" requires an actual, present, unconditional, physical production of payment, and a mere willingness, readiness, or proposition to pay is not enough. *Winne v. Colorado Springs Co.*, 3 Colo. 155 (1877). *See also* § 4–1–103, C.R.S.

■ Here, Kachemov proposed to pay the Bank the total amount due if he were allowed to inspect the vehicle. Thus, because conditional, no tender occurred.

■ Pursuant to the terms of the note and security agreement upon which its damages for collection and repossession costs were based, the Bank claims that it is entitled to an award of additional attorney fees incurred in this appeal. We agree. *See Zambruk v. Perlmutter 3rd Generation Builders, Inc.*, 32 Colo.App. 276, 510 P.2d 472 (1973).

The judgment is affirmed, and the cause is remanded to the trial court with directions to hold a hearing for determination of the reasonable value of the services of the Bank's counsel in defending its judgment on appeal, and to enter judgment against plaintiffs for that amount, in addition to the judgment previously entered and herein affirmed.

BERMAN and METZGER, JJ., concur.