# UNITED CORPORATION, Plaintiff/Appellee

· v.

# REED, WIBLE AND BROWN, INC., Defendant/Appellant

D.C. Civil No. 1985/15

Terr. Ct. Civil No. 1984/100

District Court of the Virgin Islands

Div. of St. Croix

January 29, 1986

ROLAND B. SCOTT, JR., ESQ., St. Croix, V.I., *for plaintiff/appellee*

JOEL H. HOLT, ESQ., St. Croix, V.I., *for defendant/appellant*

CHRISTIAN, *Presiding Judge*, O'BRIEN, *District Judge* and FEUERZEIG, *Territorial Court Judge*

## OPINION

PER CURIAM

The issue presented in this appeal from the Territorial Court is whether the failure of a contracting party to comply with a condition precedent prevents application of the doctrine of anticipatory breach. We affirm the trial court's decision and hold that performance of a condition is excused where the breaching party induced the noncompliance.

## I. FACTS

The appeal involves the second lawsuit arising out of the parties' contract for the sale and lease back of construction equipment. Executed in February 1980, the agreement was to last through the completion of two building projects specified by the seller, United Corporation ("United"). It contained the following provision:

> BUYER shall maintain, operate and deliver to SELLER within SEVENTY–TWO (72) HOURS from the time of request, the following listed equipment for the hourly rental rates as stated below, said accrued rental sums to be deducted from the total purchase price as above stated.

The buyer, Reed, Wible & Brown, Inc. ("RWB"), was unhappy with the deal from the onset due to repeated breakdowns in the machinery and, therefore, ignored United's rental requests. United, in turn, rented equipment from other sources and brought its first action against RWB for the difference in the rental rates. The

Territorial Court, rejecting RWB's counterclaim which alleged that the sale of defective equipment breached the contract, found RWB in partial breach and awarded damages to United.

With its contract still in force, United made several requests to rent equipment. When these went unanswered, it again turned to other suppliers but never abandoned the contract. The record shows that 14 requests were made overall and RWB failed to deliver equipment—or even respond—on all but one occasion and on that day heavy rains made work impossible. On another occasion, a face-to-face demand yielded only smiles from RWB personnel. Finally, United turned exclusively to its other sources, renting equipment on 46 occasions. United again sued RWB and judgment of $33,822.97 was entered in its favor.

RWB now appeals the amount of this second award, arguing that it was excused from performance on each of the 32 occasions where United failed to request equipment. United maintains in justification of the trial court's judgment that RWB repudiated the contract.

## II. DISCUSSION

██ Repudiation occurs when a party to a contract makes clear his intent to breach the agreement before the time to perform has arrived. E.g., Bill's Coal Co., Inc. v. Board of Public Utilities of Springfield, Mo., 682 F.2d 883, 886 (10th Cir.), cert. denied, 459 U.S. 1171 (1982); City of Fairfax, Va. v. Washington Metropolitan Area Transit Authority, 582 F.2d 1321, 1325 (4th Cir.), cert. denied, 440 U.S. 914 (1978); 4 Corbin, Contracts, § 959 (1951). The remedy for anticipatory breach, as repudiation is also known, is the right of the non-breaching party to immediately seek damages for a total breach of the contract. Fairfax, supra at 1325; Restatement (Second) of Contracts § 253 (1981); Corbin, supra, § 964.

██ Two elements must exist in order to support a finding of repudiation. First, the obligation repudiated must be so essential to the purpose of the contract that nonperformance makes the agreement worthless. Fairfax, supra at 1327 [citing McCloskey & Co. v. Minweld Steel Co., 220 F.2d 101 (3d Cir. 1955)]; Restatement, supra § 250, comments b and c; Corbin, supra, § 973. Otherwise, only a partial breach may be found. Secondly, there must be an "absolute and unequivocal refusal to perform." McCloskey, supra at 104. See also Dingley v. Oler, 117 U.S. 490, 502 (1886); Restatement, supra § 250, comments b and c. Thus, courts have refused to find repudiation where a party has merely threatened

nonperformance or has offered to rescind the contract. E.g., Harrell v. Sea Colony, Inc., 370 A.2d 119, 123 (Md. 1977).

■■ It is not required that the breaching party make a point blank declaration, because an act may also constitute repudiation. Restatement, supra § 250(2); Corbin, supra §§ 959, 973. It must, however, be "a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach." Restatement, supra § 250(a). Nonfeasance, such as United was faced with, cannot support a finding of repudiation under the Restatement's definition. Instead, where suspicion regarding future performance exists, a party may demand assurances of the other's intent and ability to perform and the contract is repudiated if none are provided. Restatement, supra § 251. See Bitzes v. Sunset Oakes, Inc., 649 P.2d 66, 70 (Utah 1982); Carfield & Sons, Inc. v. Cowling, 616 P.2d 1008, 1010 (Colo. App. 1980). This right is drawn from § 2—609 of the Uniform Commercial Code and recognizes that a sense of security is an implicit feature of every contract. Restatement, supra, § 251, comment a.

United's right to demand assurances arose when RWB failed to respond to the rental requests made in the wake of the decision of the first lawsuit. From United's point of view, these requests tested RWB's intent to honor the contract. Not only did RWB fail to perform but its employees all but laughed at United's in-person demand for assurances. Moreover, each written rental request also included a demand,[1] all of which were, of course, ignored. It is clear, then, that this continued abstinence constituted repudiation under § 251 of the Restatement.

RWB contends, however, that its duty to rent out equipment was conditioned upon United's giving notice of its needs. It concedes on appeal that a partial breach resulted from its failure to perform when notice was given but argues that it was discharged from performing in United's other 32 rentals. Thus, RWB concludes, the trial court erred in awarding damages for a total breach of the contract.

---

[1] Each rental request issued after the first trial bore the following warning:
"If you do not confirm the availability to us of the above mentioned equipments, we have no choice but to rent from the open rental market and bill you for same."

■ A condition precedent is an event which must occur before there is a right to performance and a resulting breach of duty. E.g., M. K. Metals, Inc. v. Container Recovery Corp., 645 F.2d 583, 588 (8th Cir. 1981). RWB correctly states the general rule that non-occurrence of a condition discharges the obligor's duty. Restatement, supra, § 225.

■ Although the trial judge did not specifically rule on whether the notice provision was a condition, this issue is not essential to affirming the judgment. If notice was intended as a mere time frame for performance, then RWB's repeated failure to provide the assurances demanded by United supports a finding of repudiation. And even if performance was conditioned on notice, United was excused from this prerequisite because conditions are excused where a party's conduct has caused the nonoccurrence. Restatement, supra, § 255; Corbin, supra, § 977. See Irving Trust Co. v. Nationwide Leisure Corp., 95 F.R.D. 51, 74 (S.D.N.Y. 1982); Jinright v. Russell, 182 S.E.2d 328, 330 (Ga. App. 1971); Refrigeration Engineering Co. v. McKay, 486 P.2d 304, 308 (Wash. App. 1971).

■ The same conduct that gave rise to United's right to demand assurances, namely RWB's failure to respond to the rental requests as well as to the demands themselves, supports a finding that notice, if it were a condition, was excused. After repeated attempts to secure performance, particularly in light of the earlier judgment, United was justified in concluding that further efforts would be futile and then seeking the equipment it needed elsewhere. Accordingly, the damages awarded by the trial judge properly encompassed all of the additional rental costs incurred over the contract's term.

## III. CONCLUSION

The record clearly supports the trial court's finding that RWB breached the rental contract. Therefore, we affirm the award of cover damages.

## JUDGMENT

The Court having filed its Opinion of even date herewith, and being otherwise fully advised in the premises, it is

ORDERED, ADJUDGED AND DECREED:

THAT the Judgment of the Territorial Court shall be, and the same is, hereby AFFIRMED.