HOLMES, Judge.
This is a case arising from the alleged breach of a lease and conversion of property owned by the lessors.
The jury found that the defendant-lessees were in breach of the lease and guilty of conversion and awarded the plaintiff-lessors damages totaling $6,100.
The defendants appeal. We affirm.
Viewing the record with the attendant presumptions, we find that the following is pertinently revealed. The plaintiffs had owned and operated a florist and gift shop for several years in Abbeville, Alabama, known as Elaine’s Florist. In 1975 they entered into a written agreement with the defendants, whereby they sold to the defendants the inventory and goodwill of Elaine’s Florist. They also leased to the defendants the building and fixtures of Elaine’s Florist for a ten-year term with an option to renew.
The relationship between the parties apparently deteriorated during the term of *1038 the lease, and at the end thereof the defendants vacated the premises. Upon inspecting the same, the plaintiffs discovered damage to the building and fixtures. They also discovered that several items were missing, including such things as candelabra and vases used to furnish decorations for weddings. These “wedding items” form the basis for the primary dispute in this case.
The plaintiffs contend that the wedding items are part of the equipment which, along with the building and fixtures, was leased to the defendants and that the latter were required to relinquish such equipment to the plaintiffs at the end of the lease.
The defendants counter that the wedding items were part of the inventory which they purchased from the plaintiffs and that they were not required to relinquish those items to the plaintiffs. On appeal they contend that the trial court erred in giving certain written instructions to the jury which allowed it to consider the wedding items as part of the property included in the plaintiffs’ claim for conversion.
The trial court gave several of the plaintiffs’ requested charges pertaining to their claim for conversion. In those charges inventory was defined as “goods held for immediate or ultimate sale in the ordinary course of business.”
The defendants contend that the written instructions wherein inventory was defined were legally incorrect because they failed to apprise the jury that inventory could also consist of property held for rental or for use in contracts for service. In the instant case we disagree.
The explanation of inventory contained in the written instructions given to the jury was taken from Alabama’s Uniform Commercial Code, specifically Ala. Code (1975), § 7-9-109(4), and its official comment. Therein inventory is defined as goods “held for immediate or ultimate sale ... in the ordinary course of business.” Ala.Code (1975), § 7-9-109 (comment 3). The explanation of inventory contained in the written instructions is, therefore, in this instance not legally incorrect.
It is true that § 7-9-109(4) provides that inventory may consist of goods for lease or to be furnished under contracts of service, as well as goods held for sale. However, we do not think that under the circumstances of this case the trial court erred in not giving a broader explanation of inventory to the jury.
Rule 51, Alabama Rules of Civil Procedure, provides in pertinent part:
“No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court.”
The record reveals that, in response to the plaintiffs’ requested written charges concerning inventory, the defendants made a rather general objection that those charges were “incorrect propositions of the law....” They did not state how the charges (or what part of them) were incorrect or incomplete or how they might be corrected. Moreover, the defendants did not object at all to Requested Charge No. 6, which contained the first definition of inventory given to the jury.
As seen from the above, the definition given of inventory in the written instructions was not incorrect. Had the defendants desired a more extensive or elaborate definition, they should have requested one.
While Rule 51, A.R.Civ.P., did not require the defendants to submit additional explanatory charges along with their objection where they were not requested by the trial court, the latter should not be put in error where the written instructions it gave were legally correct and the defendants made no suggestion to the court as to how the instructions might be incomplete. Osborne Truck Lines, Inc. v. Langston, 454 So.2d 1317, 1326 (Ala.1984). Cf. Roe v. Lewis, 416 So.2d 750, 755 (Ala.1982); Feazell v. Campbell, 358 So.2d 1017 (Ala.1978).
*1039 The defendants additionally contend that there is not a scintilla of evidence to support the verdict against defendant Richard R. Robertson, Jr. They are apparently contending that the trial court erred in failing to direct a verdict in favor of Richard R. Robertson, Jr., on the conversion claim.
A directed verdict is proper only where there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people would differ. Elder v. E.I. DuPont De Nemours & Co., 479 So.2d 1243 (Ala.1985).
When we apply this standard to the present case, it is clear that the trial court did not err in refusing to direct a verdict for Richard R. Robertson, Jr. The record reveals the testimony of at least one individual who claimed that she saw Richard R. Robertson, Jr., participating in the removal of certain of the “wedding items” from the leased premises. The fact that such testimony may conflict with certain of the defendants’ evidence does not matter — such testimony was sufficient to send the claim to the jury.
The verdict of the jury against Richard R. Robertson, Jr., moreover, is presumed to be correct and will not be set aside on appeal unless it is without supporting evidence or is so contrary to the evidence as to be wrong and unjust. City of (Huntersville v. Aired, 495 So.2d 566 (Ala.1986); Harris v. Meadows, 477 So.2d 374 (Ala.1985).
Due to the evidence recited above, we cannot say that the verdict against Richard R. Robertson, Jr., on the plaintiffs’ conversion claim is unsupported by the evidence.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.