**In re Judy L. JOHNSON, Debtor.**

**No. 6:05–01154–6B3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 19, 2005.

Robert B. Branson, Law Office of Robert Branson, Orlando, FL, for Debtor.

*FINAL ORDER ON DEBTOR'S MOTION FOR TURNOVER OF 2002 BUICK RENDEZVOUS AND 2003 CHEVROLET G2500*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on for hearing on June 28, 2005 upon the Debtor's Motion[s] for Turnover of 2002 Buick Rendezvous, VIN# 3G5DA73EX2S595223 (Doc. No. 58) and 2003 Chevrolet G2500 VIN# 1GCGG25V331139208 (Doc. No. 59). The court entered preliminary Order[s] Granting Motion for Turnover (Doc. Nos. 63 & 64) on June 30, 2005, pending this final order.

The issue is whether the vehicles were property of the estate after the case was dismissed, the vehicles were repossessed, and the case was reinstated. After reviewing the pleadings and considering the parties' arguments and the applicable law, this court finds the vehicles were not property of the estate.

The vehicles were property of estate upon the debtor's original filing of the case. Upon dismissal, the vehicles were no longer property of the estate. Upon

reinstatement, the automatic stay pursuant to 11 U.S.C. § 362(a) was reimposed, and the debtor's only interest in the vehicles was a statutory right of redemption. *Fla. Stat. § 679.623.*

### FINDINGS OF FACT

The debtor filed this case on February 9, 2005. The case was dismissed on March 7, 2005. GTE repossessed the 2002 Buick Rendezvous and the 2003 Chevrolet G2500 sometime after the dismissal. On April 20, 2005, after the vehicles were repossessed, the case was reinstated. Upon reinstatement, the automatic stay was reimposed pursuant to 11 U.S.C. § 362(a).

On May 16, 2005, GTE filed Motion[s] for Relief from Stay on both vehicles (Doc. Nos. 39 & 40). On June 2, 2005, the Chapter 13 Trustee filed Response[s] to Motion[s] for Relief from Stay filed by GTE (Doc. Nos. 52 & 53) indicating GTE was not provided for in the plan and debtor was delinquent in payments to the Trustee. The debtor filed a Motion for Turnover on June 23, 2005 (Doc. No. 58) which alleged the vehicles were property of the estate, necessary for the reorganization, and requested turnover of the vehicles.

The Motion[s] for Relief from Stay (Doc. Nos. 39 & 40), Response[s] (Doc. Nos. 52 & 53), and Motion for Turnover (Doc. No. 58) were heard by this court on June 28, 2005. A preliminary ruling was made requiring turnover of the vehicles, amendment of the claims to include costs for repossession, and an amended plan to be filed to include GTE. On June 30, 2005 Order[s] Granting Debtor's Motion for Turnover (Doc. Nos. 63 & 64) were entered on a preliminary basis pending the court's final order, requiring the debtor to provide proof of insurance naming GTE as loss payee on both vehicles, and further providing the court would consider lifting the automatic stay upon GTE's filing of an affidavit of default in the event the debtor failed to comply with the insurance requirement.

On July 5, 2005, the debtor filed claims on behalf of GTE (Doc. No. 68), and on July 5, 2005 the debtor filed a third amended Chapter 13 plan. The debtor has not offered to tender the redemption amount in a lump sum payment, but rather provide monthly payments for each vehicle in the Chapter 13 plan.

### CONCLUSIONS OF LAW

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

■ This issue was presented to the Eleventh Circuit in the case of *Bell–Tel Federal Credit Union v. Kalter (In re Kalter)*, 292 F.3d 1350 (11th Cir.2002) under Florida's former Uniform Commercial Code ("UCC") and Florida's Title Certificate Statute (*Florida Statutes § 319*). The Court found the former UCC "notably silent on the issue of ownership, providing th[e] Court with no guidance as to who owned the Debtors' vehicles upon repossession." *Id.* at 1354. The Court then looked to Florida's Title Certificate Statute and concluded under *Fla. Stat. § 319.28*, titled "Transfer of Ownership by Operation of Law", "ownership passes when the creditor repossesses the vehicle." *Id.* at 1360.

Debtor relies on the revisions to Article Nine of the UCC effective in Florida on January 1, 2002 which changed the definition of "debtor." Under the former UCC provision § 679.504(4), a "debtor" may have encompassed either the debtor or the creditor in possession of the collateral. The new definition is "[a] person having an interest, other than a security interest or

other lien, in the collateral, whether or not the person is an obligor." *Fla. Stat. § 679.1021(bb)(1).* This change does not speak to the vehicle's ownership upon repossession.

 The right to redeem collateral is provided for pursuant to *Fla. Stat. § 679.623.* The debtor's right to redeem may be exercised at any time before the secured party disposes of, or enters into a contract for its disposition. *Id.* Upon repossession, the debtor has the right to redeem the repossessed vehicle and, if the creditor violates that right, the debtor may recover damages. *In re Menasche,* 301 B.R. 757 (Bankr.S.D.Fla.2003) (Hyman, J.). In order to redeem, the debtor must "tender fulfillment of all obligations secured by the collateral." *Fla. Stat. § 679.623(2)(a).* The Official Uniform Commercial Code Comment discussing Section 9–623 provides:

> To redeem the collateral a person must tender fulfillment of all obligations secured, plus certain expenses. If the entire balance of a secured obligation has been accelerated, it would be necessary to tender the entire balance. A tender of fulfillment obviously means more than a new promise to perform an existing promise. It requires payment in full of all monetary obligations then due and performance in full of all other obligations then matured.

U.C.C. § 9–623 cmt. 2(2003). Payment over time in a Chapter 13 plan does not equal a tender of the entire balance. *Menasche* at 761 (noting that official comments to the UCC are a valuable aid in the construction of code provisions and citing *Warren v. SouthTrust Bank (In re Warren),* 221 B.R. 843, 847 n. 2 (Bankr. N.D.Ala.1998) which noted numerous cases citing the official comments to the UCC by the Eleventh Circuit.)

Accordingly, pursuant to Florida law, the debtor's ownership interest in both vehicles passed to GTE upon repossession. The debtor's remaining right to redeem the vehicles is insufficient to render the vehicles property of the estate pursuant to 11 U.S.C. § 541. This court's preliminary ruling is hereby **MODIFIED**, and it is

**ORDERED, ADJUDGED, and DECREED**

That upon dismissal of the case on March 7, 2005, the vehicles were not property of the estate pursuant to 11 U.S.C. § 541. The automatic stay pursuant to 11 U.S.C. § 362 was not in effect at the time the 2002 Buick Rendezvous and the 2003 Chevrolet G2500 were repossessed. Upon reinstatement of the case on April 20, 2005, the only right the debtor retained with respect to the 2002 Buick Rendezvous and the 2003 Chevrolet G2500 was a right to redeem the vehicles pursuant to *Fla. Stat. § 679.623;* it is further

**ORDERED, ADJUDGED, and DECREED**

That to maintain possession of the 2002 Buick Rendezvous and the 2003 Chevrolet G2500, the debtor must tender the full redemption amount applicable to each vehicle to GTE within fourteen (14) days, and it is further

***ORDERED, ADJUDGED and DECREED***

GTE Federal Credit Union's Motions for Relief from Stay (Doc. Nos. 39 & 40) will be **GRANTED** as to either of the vehicles, upon GTE filing an affidavit of default, in the event debtor fails to tender payment on either vehicle.